LUCEBA E. GEORGE, APT. *v.* ASA G. DUTTON'S ESTATE.

January Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 7, 1920.

*Husband and Wife—Estates by Entirety in Personalty—Wife's Interest in Such Estate Exempt from Husband's Debts.*

1.  Agreed facts that property was purchased by husband and wife and paid for "by funds which were the proceeds of real estate owned in entirety by them, and by funds from the sale of personal property also owned by them," means the same as though the words "in like manner" were used in place of the word "also."

2.  The marital rights of the husband, at common law, in the personal property acquired by his wife during coverture are not inconsistent with the theory that estates by entirety may exist in personalty.

3.  Estates by entirety may exist in any personal property.

4.  Estates by entirety are within the provisions of G. L. 3524, exempting a wife's separate personal property from liability for her husband's debts.

5.  Where a husband and wife engaged in mercantile business ostensibly as partners with funds owned and held by them as tenants by entirety, as between themselves, the business was carried on by them as such tenants, and the property purchased for that purpose and the proceeds from the sales were owned and held in the same manner; and on the husband's death the wife took the whole estate by right of survivorship, and none of it belonged to the husband's estate.

APPEAL from the probate court for the District of Washington, Washington County, from the allowance of the administrator's account in the estate of Asa G. Dutton. Heard on exceptions by the plaintiff, a creditor of the estate. The estate was settled and the administrator's account rendered on the theory that the administrator had no control over the store property mentioned in the opinion. The opinion states the facts.

*J. Ward Carver* and *W. A. Dutton* for the plaintiff.

Under statutes authorizing a married woman to conduct business on her sole and separate account, or to contract with reference to her separate estate, or as a *feme sole,* she has not the power to form a partnership with her husband. *Seattle Board of Trade* v. *Hayden,* 4 Wash. ·263, 31 A. S. R. 919, 16 L. R. A. · 530; *Haggett* v. *Hurley,* 91. Me. 542, 41 L. R. A. 362; *Gilkerson, etc., Co.* v. *Salenger,* 56 Ark. 294; *Lord* v. *Parker,* 3 Allen 127; *Bowker* v. *Bradford,* 140 Mass. 521; *Artman* v. *Ferguson,* 73 Mich. 146; *Speier* v. *Opfer,* 73 Mich. 35; *Weisiger* v. *Wood,* 36 S. C. 424; *Fuller, etc., Co.* v. *McHenry,* 83 Wis. 573; *Montgomery* v. *Sprankle,* 31 Ind. 113; *Miller* v. *Marx,* 65 Texas 131; *Gwynn* v. *Gwynn,* 27 S. C. 525; *Carey* v. *Burrus,* 20 W. Va. 571; *Bradstreet* v. *Bayer,* 41 Md. 19; *Howard* v. *Stephens,* 52 Miss.· 239.

*Erwin M. Harvey* for the defendant.

WATSON, C. J.    [1]    The store property, both real and personal, was purchased by Asa G. Dutton and Mary J. Dutton, his wife, and paid for (in language of the agreed facts) "by funds which were the proceeds of real estate owned in entirety by Asa G. Dutton and Mary J. Dutton, and by funds from the sale of personal property also owned · by them." It will be observed that the character of the ownership of the latter funds is not more definitely, nor otherwise, stated. The word "also" is significant in this respect, relating back, as it does, to the character of the ownership of the real estate from the sale of which the funds previously mentioned were derived; and it has the meaning of "in like manner." To give it the force of indicating additional ownership, makes the word redundant, for by . the words "owned by them," immediately following, this is expressly stated. We think the agreed facts in this respect, are to be understood as meaning the same as though they read, "and by funds from the sale of personal property in like manner owned by them." See Webster's New International Dictionary.

[2]    The marital rights of ·the husband, at common law, in the personal property acquired by his wife during coverture, are not inconsistent with the theory that estates by entirety may exist in personalty; for· the wife may hold such property by

virtue of a gift or bequest to her sole and separate use; or she may so hold it by reason of a surrender and waiver by the husband of his marital rights therein; or if her property consists of choses in action, the husband may not reduce it to possession within his lifetime. *Barron* v. *Barron,* 24 Vt. 375; *Albee* v. *Cole,* 39 Vt. 319; *Child* v. *Pearl,* 43 Vt. 224; *Bent* v. *Bent,* 44 Vt. 555. In addition to the foregoing, by Acts of 1884, No. 140, Sec. 2, all personal property and rights of action acquired by a woman before coverture, or during coverture, except by her personal industry or by gift from her husband, shall be held to her sole and separate use, and neither a wife's separate property nor the rents, issues, income and products of the same, shall be subject to his disposal or liable for his debts. By Acts of 1888, No. 84, the foregoing section was amended by striking out the words, "by her personal industry or," thereby making the law as it hitherto has been and now is in section 3524 of the General Laws.

[3] That estates in entirety may exist in personal property growing out of real estate so owned was held in *Citizens Savings Bank & Trust Co.* v. *Jenkins,* 91 Vt. 13, 99 Atl. 250. And no good reason is apparent why such an estate may not exist in other personal property. We think it can. Although there is some difference in judicial opinion on the question in other jurisdictions, we think the better view is as here stated, and in support of it cite the following cases: *Phelps* v. *Simons,* 159 Mass. 415, 34 N. E. 657, 38 A. S. R. 430; *Boland* v. *McKowen,* 189 Mass. 563, 76 N. E. 206, 109 A. S. R. 663; *Bramberry's Appeal,* 156 Pa. St. 628, 27 Atl. 405, 36 A. S. R. 64, 22 L. R. A. 594; *Parry's Estate,* 188 Pa. St. 33, 41 Atl. 448, 68 A. S. R. 847, 49 L. R. A. 444; *Johnston* v. *Johnston,* 173 Mo. 91, 73 S. W. 202, 96 A. S. R. 486, 61 L. R. A. 166; also 13 R. C. L. 1105, § 128.

[4] It has been held by this Court that the statute exempting from attachment or levy of execution for the sole debts of the husband, during coverture, the rents, issues, and profits of the real estate of a married woman, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she acquires by gift, grant, devise, or inheritance, during coverture, applies to estates by entirety, the Court saying that such estate is the real estate of a married woman although her husband is joined with her in the title; that

it is the real estate of each; and that under a holding that the statute applies only to real estate owned by the wife separately, the interest of the husband in his wife's right, in her real estate, could be taken upon the sole debt of the husband, which would annul the statute. *Corinth* v. *Emery,* 63 Vt. 505, 22 Atl. 618, 25 A. S. R. 780; *Laird* v. *Perry,* 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340. The same course of reasoning is equally forcible when applied to section 3524 of the statute, relating to personal property and rights of action of a married woman, and we hold that estates by entirety are within the provisions of that section.

[5]. It·is urged that it is still within the power of the wife to give to her husband the same rights to her personalty that he took at common law, and that this is just what she does when she turns such property over to him to be used in carrying on a general mercantile business with unlimited power to commingle her property with his and the right to dispose of the same at will. Whatever force this argument might have when appropriate to the circumstances of the case in hand, it has none here where the husband and his wife were engaged in carrying on the business together.

The .fact that with funds owned and held by the husband and wife as tenants by entirety, they engaged in mercantile business ostensibly as partners, did not change the character of the estate. In law, as between themselves, the business was carried on by them as such tenants, and the property purchased for that purpose, including goods as needed, and the proceeds from the sales, were owned and held in the same manner; and on the death of the husband the wife took the whole estate by right of survivorship. *Laird* v. *Perry,* 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340; *Citizens Savings Bank & Trust Co.* v. *Jenkins,* 91 Vt. 13, 99 Atl. 250.

It follows that since none of such property belonged to deceased husband's estate, none could by right enter into the administrator's account.

Other questions were presented in argument, but it is unnecessary to consider them.

*Decree affirmed. To be certified to the probate court.*