FRANK *v.* PATTON.

1. HUSBAND AND WIFE—ENTIRETIES—PERSONALTY.
    Conveyance of furniture to husband and wife, who had leased hotel, did not create holding by entireties (Act No. 212, Pub. Acts 1927), unless they so intended and agreed.

2. TRUSTS—FRAUD NECESSARY BASIS OF CONSTRUCTIVE TRUST.
    Necessary basis for raising constructive trust is fraud, actual or constructive, including acts or omissions in violation of fiduciary obligations.

3. SAME—NO CONSTRUCTIVE TRUST IN ABSENCE OF FRAUD—HUSBAND AND WIFE.
    Where husband and wife conducting hotel each rightfully withdrew money from business, there was no fraud in wife's establishing joint bank account with her sister and taking title to lot in sister's name such as would raise constructive trust in favor of husband, although he had no knowledge of joint account until after wife's death.

Appeal from Genesee; Black (Edward D.), J. Submitted June 17, 1930. (Docket No. 81, Calendar No. 35,019.) Decided October 3, 1930.

For cases passing on the question as to whether estates by the entireties may exist in personal property, see annotation in 30 L. R. A. 319; 8 A. L. R. 1017.

Bill by Peter Frank against Edith Patton to impress a trust on property. From a decree for plaintiff, defendant appeals. Reversed.

*Joseph R. Joseph* (*Millard & Roberts,* of counsel), for plaintiff.

*G. Sweetman Smith* (*Howard Cline,* of counsel), for defendant.

CLARK, J. Plaintiff Peter Frank and his wife took a lease of a hotel in Flint and purchased furniture and other chattels therein. They conducted the business for nearly nine years. Both worked hard. Perhaps Mrs. Frank was more active in management. Both received and handled money and had access to the books and the funds. The profit for the time was nearly $45,000, of which when Mrs. Frank died there had been deposited in the names of both (payable it is said to either or survivor) nearly $17,000, and in a joint account of herself and her sister, the defendant, nearly $4,500. Mrs. Frank also had purchased a lot, paying therefor nearly $700, and taking title in the name of her sister. Plaintiff, it is said, did not know of the account of Mrs. Frank and her sister nor of the purchase of the lot until after Mrs. Frank's death.

Plaintiff filed this bill praying accounting, that defendant be decreed to hold the deposit and the lot in trust and that plaintiff have the money and the lot. The theory of his bill is fraudulent violation of the wife's trust obligation to handle their joint resources in the interest of both. Plaintiff had decree. Defendant has appealed.

It is argued that the lease, the furniture, and the business were owned by entireties, and that funds or profits from the business were likewise entirety

property, and that all passed by law to the husband survivor on the death of the wife. If the premise were correct the conclusion might be sustained. *George* v. *Dutton's Estate,* 94 Vt. 76 (108 Atl. 515, 8 A. L. R. 1014).

The lease is not in the record. Perhaps it was held by entireties. 30 L. R. A. 319. On the record we cannot say that the furniture was or was not entirety property. It has not been held in this State that a conveyance of goods and chattels such as these to husband and wife thereby and without more creates a holding by entireties. See Act No. 212, Pub. Acts 1927. The rule of *Lober* v. *Dorgan,* 215 Mich. 62, and later cases, is that such property may be so held when the parties so intend and agree. See *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468. There is no competent evidence of agreement between Mr. and Mrs. Frank that the business and all profits therefrom were to be owned by entireties. But the precise nature of the relation between Mr. and Mrs. Frank in this business is not very important. In any event, as between themselves, they were together in the venture.

A necessary basis for raising a constructive trust in favor of plaintiff is fraud, actual or constructive, including acts or omissions in violation of fiduciary obligations. *Ridky* v. *Ridky,* 226 Mich. 459. Both Mr. and Mrs. Frank rightfully withdrew money from the business. Mrs. Frank received and had money to plaintiff's knowledge. How much she received and when she received it the record does not disclose. That she received and had the money in violation of any agreement or relation with plaintiff is not established.

Plaintiff has failed to prove, as against his deceased wife, in respect of her having the money in

question, fraud necessary to sustain his claim of constructive trust.

The money being her own, she might and did do with it as she pleased.

Reversed. Bill dismissed. Costs to defendant.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.