SWANTON SAVINGS BANK & TRUST COMPANY *v.* JOSEPH TREMBLAY ET UX.

February Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 2, 1944.

*H. J. Holden* and *P. C. Warner* for the defendants.

*Sylvester & Ready* for the plaintiff.

STURTEVANT, J. This is an action of trover with declaration in the usual form. At the close of the plaintiff's case, each defendant moved for a directed verdict. The motion of the defendant Olive Tremblay was granted and as to that action of the court no question is presented for consideration here. The motion of the defendant Joseph Tremblay was denied, renewed at the close of all the evidence and again denied with exception to him. The jury returned a verdict for the plaintiff against the defendant Joseph which he moved to set aside and he excepted to the court's refusal to do so and to the entry of judgment on the verdict and the case is here on his exceptions.

From concessions made and evidence introduced at the trial, viewed in the light most favorable to the plaintiff, the jury could reasonably find the following facts. The defendants are husband and wife and at all times here material they resided on a farm in the town of Highgate in Franklin County. On June 28, 1939, they purchased certain lands in Highgate from the plaintiff and then

made, executed and delivered to the plaintiff as a part or all of the purchase price of such lands, a demand note for the sum of $6,-000.00 secured by a mortgage on the lands so purchased. On August 26, 1940, the defendants made and delivered to the plaintiff a chattel mortgage on 15 black and white heifers then coming two years old and a horse eleven years old and other personal property, as additional security for the payment of $1,000.00 on the principal of the aforementioned $6,000 demand note. As the case was submitted to the jury we are here concerned only with the cattle and horse described in the chattel mortgage. On June 8, 1942, the plaintiff brought suit on the $6,000 note and the writ in that suit was served on the defendants June 15, 1942. On July 15, 1942, the plaintiff delivered the chattel mortgage to one, J. O. Chase, a constable within and for the city of St. Albans and instructed him to foreclose same. On that day, the constable went to the Tremblay farm, made known to the defendants the purpose of his visit and demanded the property covered by the mortgage. The defendant Joseph pointed this property out to the officer who seized same and took it into his possession. This property included the 15 black and white cows, then coming four years old and the horse then 13 years old, described in the mortgage. The officer left this property on the Tremblay farm to be used by the defendants as before but explained that it must be considered as technically in his possession and must be on hand there for the sale under the mortgage which was then set to take place August 1, 1942. The defendant Joseph assured the officer that the property would be there for such sale. Because of a petition brought by the defendants under the worthy debtors' act, the date of sale was twice continued, finally being set for August 25, 1942.

On August 14, 1942, officer Chase went to the Tremblay farm where he found the defendants present in the house. He explained to them that the plaintiff had caused a trover writ to be issued against them for the property covered by the chattel mortgage and that before serving such writ he must demand that property from them. Each defendant told him he could not have the property and the defendant Olive also stated that the property belonged to them. The writ in the case at bar was then served by arresting both of the defendants. On August 25, 1942, the officer sold four of the black and white cows under the foreclosure sale. He did not sell

the horse and the other eleven cows because he could not find them. While Tremblay pointed out to the officer a horse and some cattle on the day of the sale, those were not the animals which he had turned out to the officer July 15, 1942, and those animals were not covered by the mortgage. From the proceeds of the sale there was less than $100.00 to be applied on the principal of the $6,000 note. Nothing had been paid on the principal of that note before the day of this sale.

The defendant Joseph contends that his motion for a directed verdict upon the grounds that the writ was void should have been granted for the following reasons. First, this is an action founded on a contract, namely, a chattel mortgage, and the writ issued as a capias in violation of P. L. 2169, which states that: "A woman shall not be arrested or imprisoned on mesne process issuing in an action founded on a contract,——." Second: It is not claimed that the defendant Olive had possession of the property claimed to have been converted other than the joint possession with her husband. A conversion of that property by her would be to his use and not hers and so would be the tort of the husband and not of the wife. There is no allegation in the writ and nothing in the evidence indicating any liability on the part of the wife. The writ being void, the court was without jurisdiction to enter judgment against the defendant Joseph.

■ Several cases are cited in support of the defendant's claim that the present action is founded on a contract. However, the material facts distinguish each of those cases from the one at bar. We agree with the defendant's contention that, at common law, husband and wife are liable for, and only liable for, her torts *simpliciter,* or pure torts, not mixed with any element of contract. We also agree that this rule is analogous to that of the liability of an infant only for pure torts. 27 Am Jur p. 74, sec. 477; *Woodward & Perkins* v. *Barnes & wife,* 46 Vt 332, 335, 14 Am Rep 626.

■ A question similar to the one we are considering was decided by this Court in *Baxter* v. *Bush,* 29 Vt 465, 70 Am Dec. 429. The plaintiff in that case had leased his farm to the defendant, a minor, the former reserving a lien on the crops to be grown on the farm as security for the payment of the rent. The lessee converted the crops to his own use and defaulted in his payment of the rent and the lessor brought an action of trover for the conversion of

the crops. The defendant pleaded his infancy as a defense. Held that the defendants' liability did not arise from any breach of contract, but from an unlawful appropriation to his own use of the plaintiff's property. In such cases infancy is no defense to the action of trover or trespass. 29 Vt at 470, 70 Am Dec 429; *Greene* v. *Sperry,* 16 Vt 390, 393, 42 Am Dec 519; *Ray* v. *Tubbs,* 50 Vt 688, 693, 694, 28 Am Rep 519. The gist of the present action is the allegation that the defendants converted the plaintiff's property to their own use. Whether the plaintiff obtained its title to this property through a chattel mortgage from them or from some other source is not material. *Mason* v. *Sault,* 93 Vt 412, 415, 108 A 267, 18 ALR 1426, and cases there cited. From the foregoing it follows, and therefore we hold, that the present action is not founded on a contract.

In support of his contention that the writ contains no allegation that the defendant Olive committed a tort, among other cases the defendant Joseph cites *Longey* v. *Leach,* 57 Vt 377. At page 381 the opinion in that case states: "The mere wrongful detention of property by the wife is not her tort but that of her husband." This holding is placed upon authority of *Shaw* v. *Hallihan & wife,* 46 Vt 389, 14 Am Rep 628, in which case the opinion at page 393 states: "The conversion of property to use merely by the wife, is to the use of the husband, and not of herself." That law as stated in those cases was changed by No. 140 of the Acts of 1884 which statute as amended is now P. L. 3077. So far as here material that statute is as follows: "All personal property and rights of action acquired by a woman before coverture, or during coverture, except by gift from her husband, shall be held to her sole and separate use, and neither a wife's separate property nor the rents, issues, income and products of the same shall be subject to the disposal of her husband or liable for his debts; . . . . ."

A husband and wife may hold estates in entirety in personal property growing out of real estate so owned by them. *Citizens Savings Bank & Trust Co.* v. *Jenkins,* 91 Vt 13, 21, 99 A 250. They may also hold such estates in other personal property. *George* v. *Dutton's Estate,* 94 Vt 76, 78, 108 A 515, 8 ALR 1014, and cases there cited. A married woman's estate by entirety in personal property comes within the provisions of P. L. 3077 and, therefore is property held to her sole and separate use. *George* v.

*Dutton's Estate,* 94 Vt at pages 78 and 79, 108 A 515, 8 ALR 1014. It follows that a wrongful conversion of the plaintiff's property by the defendants to their own use as charged in the declaration would not be the tort of the husband alone. The declaration charges them with being joint tort feasors. Under existing law, the liability of husband and wife as joint tort feasors is unaffected by the marital relation. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 139, 130 A 758; P. L. 3080. This contention of the defendant Joseph is without merit.

The remaining grounds upon which the defendant Joseph based his motion for a directed verdict are considered together. Briefly stated, these grounds are as follows. While the officer in his official capacity may have had a right to possession of the property in question, the plaintiff had no such right. There is no evidence that the defendants or either of them had possession of this property at the time of the alleged conversion or that the defendant Joseph did anything to deprive the plaintiff of possession of same or committed any act of conversion as to that property. Any damage as shown by the evidence was from non-feasance and not from a conversion.

It already appears that when the officer went to the Tremblay farm on July 15, 1942, the mortgage was in default. The plaintiff then had the whole title to this property subject to the defendants' right in equity to redeem. *Mason* v. *Sault,* 93 Vt 412, 415, 108 A 267, 18 ALR 1426, and cases cited. Under the circumstances the plaintiff had a right to seize and sell the property in accordance with the provisions of P. L. sections 2676 to 2679 both inclusive. *Howard* v. *Witters,* 60 Vt 578, 580, 15 A 303. If a mortgagor wrongfully withholds property from an officer when called for in foreclosure proceedings, such act is a wrongful withholding of the property from the mortgagee. *Symes* v. *Fletcher,* 95 Vt 431, 439, 440, 115 A 502. In foreclosing a chattel mortgage the officer gets his order to foreclose from the mortgagee. P. L. 2676. His authority to carry out those directions is given him by law as a public officer. He has no right of possession to such property, either official or otherwise, adverse to the rights of the mortgagee, the owner. When the officer left the property on the Tremblay farm on July 15, 1942, in possession of the defendants such possession was necessarily by permission of the mortgagee as owner.

They were not entitled to such possession as a matter of right. *Mason* v. *Sault,* 93 Vt 412, 415, 108 A 267, 18 ALR 1426. From the foregoing it follows that the mortgagee could withdraw its consent that the cattle and horse remain on the Tremblay farm, at anytime after they had been left there on July 15, 1942. Therefore the unqualified refusal by the defendants to allow the officer to take possession of the property for the plaintiff on August 14, 1942, under the circumstances as shown by the evidence, was a wrongful withholding of that property from the plaintiff and was evidence of a conversion. *Manley Bros.* v. *Boston & Maine Railroad, et al,* 90 Vt 218, 221, 97 A 674. The fact that the property had been left with the defendants a month before, coupled with the unqualified refusal of each of them to allow the officer to take possession of same, when called for as before stated, together with the statement made by the defendant Olive in the presence of her husband to the effect that the property belonged to them, was, at least, some substantial evidence indicating that they then had possession of that property.

The defendant Joseph has cited several cases having to do with attachments, in support of his contention that while the officer may have had a right to the possession of the property, the plaintiff had no such right. The fact that the plaintiff here as mortgagee had the whole title to the property distinguishes the present case from those cited.

What we have stated in considering this motion of the defendant Joseph also disposes of his motion to set aside the verdict except his claim that the verdict is against the weight of the evidence. On that ground the motion was addressed to the discretion of the lower court. There was substantial evidence to support the verdict and therefore error is not made to appear in the court's refusal to set the verdict aside on that ground. *Cote* v. *Boise, Jr.,* 111 Vt 343, 347, 348, 16 A2d 175, and cases cited. We have considered all questions briefed by the defendant Joseph and no error appears.

*Judgment affirmed.*