**The Beacon Milling Co., Inc. d/b/a Beacon Feeds Service v. Albert Larose, Chittenden Trust Company, The Howard Bank, Franklin-Lamoille Bank, Peoples Trust Company of St. Albans, and Sterling Trust Company**

[418 A.2d 32]

Nos. 380-79 & 381-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 11, 1980

458

*John C. Gravel* of *Bing & Bauer*, Burlington, for Plaintiff.

*Peter J. R. Martin*, St. Albans, for Defendant.

**Daley, J.** In each of the actions now before us the plaintiff was granted summary judgment against the defendant Albert Larose, and then moved for trustee process in an attempt to satisfy the judgments. 12 V.S.A. ch. 121; V.R.C.P. 4.2. This motion was granted, and several trustees filed disclosures. Among the disclosures was an account with the Howard Bank, held in the name of "Rita Larose or Albert Larose." Plaintiff

moved for judgment against the Howard Bank as trustee. Defendant Albert Larose, joined by his wife, Rita Larose, as an interested party, responded with a motion to release the account on the ground that it was held by them as tenants by the entirety, and therefore exempt from execution for Mr. Larose's sole debts. The Howard Bank, alleging conflicting claims to the funds in question, moved for a determination of the party to whom it was liable. V.R.C.P. 22. Based on oral argument of counsel and memoranda of law, the court in each action denied defendant's motion to release the account, granted plaintiff's motion for judgment against the trustee, and ordered the Howard Bank to pay the amount in question to the plaintiff. The defendant Albert Larose appeals. His wife has not joined this appeal, and was never formally made a party below.

Defendant's claim, as presented below and briefed on appeal, presented two theories for exemption of these funds: first, that they are held to Mrs. Larose's sole and separate use, and therefore protected by 15 V.S.A. § 66; and second, that they are entirety property, exempt by common law. The trial court rejected the first theory on the strength of a 1911 federal district court opinion which stated that the protections of the predecessor to 15 V.S.A. § 66 apply "so long as the wife keeps her property separate from that of her husband . . . ." *In re Hill*, 190 F. 390, 391 (D. Vt. 1911). The trial court rejected the second argument on the strength of 8 V.S.A. § 908, which permits the bank to pay either party to a joint account. The court reasoned that this statute allows either spouse to deplete the account unilaterally, which would not be permissible if the account were held by the entirety.

█ In our opinion the trial court erred in holding as a matter of law that defendant and his wife do not hold this account as tenants by the entirety. The statute relied on, 8 V.S.A. § 908, states in part:

> When a deposit has been made in a bank in the names of two or more persons, payable to any one of them . . . , such deposit or any part thereof, or any interest or dividend thereon may be paid to any one of such persons . . . , and the receipt or acquaintance [*sic*] of the

person so paid shall be a valid and sufficient release and discharge of the bank for any payment so made.

We have previously held that the provisions of this statute "are for the protection of the bank paying money to persons named in deposits made in the manner specified in the statute, *and do not change or affect the title to such deposit." Rice* v. *Bennington County Savings Bank,* 93 Vt. 493, 503, 108 A. 708, 712 (1920) (emphasis added); see *Methodist Church* v. *First National Bank,* 125 Vt. 124, 130, 211 A.2d 168, 172 (1965). Therefore, despite § 908, title to this account remains a critical question to be determined on the evidence.

It is well established that spouses can hold personal property as tenants by the entirety. *Swanton Savings Bank & Trust Co.* v. *Tremblay,* 113 Vt. 530, 534, 37 A.2d 381, 383 (1944); *George* v. *Dutton's Estate,* 94 Vt. 76, 78, 108 A. 515, 516, 8 A.L.R. 1014, 1016 (1920). Contrary to the federal court's opinion in *In re Hill, supra,* it is also established in this state that property held by the entirety is protected by 15 V.S.A. § 66 from the husband's sole creditors, *Rose* v. *Morrell,* 128 Vt. 110, 112, 259 A.2d 8, 10 (1969); *George* v. *Dutton's Estate, supra,* 94 Vt. at 79, 108 A. at 516, 8 A.L.R. at 1016; *Town of Corinth* v. *Emery,* 63 Vt. 505, 508–09, 22 A. 618, 618–19 (1891), unless of course it falls within the exceptions stated in 15 V.S.A. § 67, which this property does not. Therefore, the court below is faced with an evidentiary decision. If this property is held as a tenancy by the entirety, or if it is held to Rita Larose's sole and separate use, it is not chargeable for Albert Larose's sole debts regardless of the fact that his name is on the account. The determination of these issues could depend on many factors, including the circumstances surrounding the creation of the account, the intention of the depositor or depositors, and the source or sources of the funds. An evidentiary hearing is therefore required.

We note that our recent opinion in *Miller* v. *Merchants Bank,* 138 Vt. 235, 415 A.2d 196 (1980), is not to the contrary. In *Miller,* we found that no fact question existed as to whether the bank, as secured party, was entitled to possession of a certificate of deposit payable to "Kenneth or Rhea Miller or order," which had been assigned to it by Kenneth Miller alone. Unlike the case at bar, however, in *Miller* the question of the

actual underlying title to the account was not relevant; rather, the sole question was the right of the secured party to possession of a negotiable instrument properly transferred to it.

 Finally, plaintiff claims that defendant cannot prevail on this appeal because if there was error it prejudiced only Mrs. Larose, a nonparty, and not Mr. Larose. Properly stated, this is an objection to standing, based on the familiar rule that one party ordinarily cannot assert the rights of another. See *Diaz* v. *Patterson*, 263 U.S. 399, 402 (1923) (Holmes, J.). Because Mr. Larose has an interest in protecting what may prove to be his entirety property, we find that he has a sufficient interest to maintain this appeal. Mrs. Larose's interest, however, is equal if not greater: documents in the record indicate that she was the initial depositor of the funds; that the funds were left to her by her father upon his demise; and that Mr. Larose's name was not originally on the account, but was added later. Under these circumstances, we find that Mrs. Larose's interests are so pressing that fundamental fairness requires that she officially be made a party to the proceedings on remand. See 12 V.S.A. §§ 3132, 3133; V.R.C.P. 19.

In each case the order granting judgment against the trustee and denying discharge of the funds will be reversed.

*The order of September 6, 1979, is reversed. Cause remanded.*

Although the Chief Justice sat at argument, he thereafter disqualified himself and took no part in the opinion.