588

## In re ESTATE OF Amy FITZGERALD

[733 A.2d 35]

No. 98-087

June 7, 1999. Appellant Gregory Fitzgerald appeals from a superior court order that remanded this case to the probate court to hold a hearing and dispose of the marital property of Gregory and Amy Fitzgerald. Appellant contends that the superior court erred in finding that his sole property was marital property subject to equitable distribution in the probate court. We reverse and remand.

Appellant was convicted for the first degree murder of his wife Amy Fitzgerald. In connection with his criminal proceeding, the State seized evidence from the apartment where Amy Fitzgerald was living. The district court ruled that the probate court should determine to whom the property should be returned. The probate court decreed all property removed from the person or property of Amy Fitzgerald to her parents, and all property seized from the person or property of appellant to appellant. Appellant appealed to the superior court, contending that some of the items seized from the apartment of Amy Fitzgerald belonged to him, including a camera, an answering machine, certain parts of a computer and mail addressed to him or to Amy Fitzgerald and him.

The superior court held a de novo trial, see Reporter's Notes to V.R.C.P. 72 (appeal from probate court to superior court is for trial de novo), but then ordered the matter remanded to the probate court for another evidentiary hearing to determine which of these items are marital property and to dispose of the marital property between the heirs of Amy Fitzgerald and appellant. Appellant appeals, arguing that the court erred in applying divorce law and in determining that the property was marital property.

Generally, we would dismiss this appeal because it is not from a final order, and appellant failed to request permission to appeal. See V.R.A.P. 5(b) (appeal of interlocutory orders by permission). The superior court erred, however, in remanding the case to probate court. The superior court held a de novo trial and should have distributed the property in a final judgment from which an appeal to this Court would have been proper. In the interests of judicial economy, we do not dismiss this appeal, leaving the parties to try this case again in probate court and possibly a third time before the superior court. On the other hand, the superior court failed to resolve the dispute by making the necessary findings and distributing the property. Thus, we must remand for the court to make the necessary findings and enter a final judgment that distributes the property in dispute.

For purposes of remand, we briefly address one issue raised by appellant in this appeal. Cf. *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 160-61, 624 A.2d 1122, 1128 (1992) (addressing issue likely to arise on remand). We agree with appellant that the superior court erred in applying divorce law to decide that the personal property seized by the State from Amy Fitzgerald's apartment was marital property subject to equitable distribution. The concept of marital property does not exist in the context of a probate case. A similar concept may be applicable however; married persons may own property as tenants by the entirety. See *Beacon Milling Co. v. Larose*, 138 Vt. 457, 460, 418 A.2d 32, 33 (1980) ("It is well established that spouses can hold personal property as tenants by the entirety."). We have previously stated the rules for distributing property held as tenants by the entirety where one spouse is convicted of intentionally and unlawfully killing the other spouse. See *Preston v.*

*Chabot*, 138 Vt. 170, 174-75, 412 A.2d 930, 933 (1980).

*Reversed and remanded.*