Arthur G. PETTENGILL and Barbara S. Pettengill

v.

The UNITED STATES of America

and

Fulton D. Fields, District Director of Internal Revenue for the District of Vermont.

Civ. No. 3331.

United States District Court
D. Vermont.

April 25, 1962.

Monti, Eldridge, Calhoun & Free, Barre, Vt., for petitioners.

Joseph F. Radigan, U. S. Atty., Rutland, Vt., John G. Penn, Dept. of Justice, Tax Div., Washington, D. C., for the United States.

GIBSON, District Judge

STATEMENT OF CASE AND FINDINGS OF FACT

Arthur and Barbara Pettengill brought this action for declaratory judgment, seeking to free certain property owned by them from the tax liens of the United States of America. After filing an answer to the petition, the United States and the petitioners set forth an agreed statement of facts which bind this Court, and are as follows:

"Arthur G. Pettengill and Barbara S. Pettengill, husband and wife, petitioners, herein, are the owners by the entirety of a certain piece of land, with a dwelling house thereon, located in the Town of Waterbury, in the County of Washington and District aforesaid, which is the home place of the said petitioners, being the same land and premises as conveyed by Ernest C. Perkins, of Waterbury, aforesaid, to Arthur G. Pettengill and Barbara S. Pettengill, as tenants by the entirety, under date of August 24, 1953 and recorded September 2, 1953 in the office of the Town Clerk in said Waterbury in Book 54, Page 116 of the Waterbury Land Records.

"2. Petitioner Arthur G. Pettengill, with one Robert P. Flannery, also of said Waterbury, were formerly engaged in business as co-partners doing business under the firm name and style of O'Clair Granite Works, with said business situated at said Waterbury, Vermont. Mrs. Barbara S. Pettengill, wife of the said Arthur G. Pettengill, was at no time connected with the said partnership in any manner and never had any interest therein.

"3. There was executed by Arthur G. Pettengill under date of September 18, 1961 and acknowledged the same date before Gelsie J. Monti, Esq., a Notary Public, a cessation of partnership certificate indicating that the partnership of the said Arthur G. Pettengill and Robert P. Flannery, doing business as O'Clair Granite Works, had ceased to do business as of March 10, 1958 the reason for the cessation of partnership being that the business of the O'Clair Granite Works was dissolved by reason of bankruptcy. No petition in bankruptcy was filed however and no discharge was ever issued by the bankruptcy court. However the business was insolvent and had been subjected to foreclosure proceedings by the Lamoille County Savings Bank and Trust Company and action by the United States relative to tax liens. This Cessation Certificate was filed with the Commissioner of Taxes and with the Town Clerk in said Waterbury on or about September 18, 1961.

"4. There is owing to the United States certain taxes, in the category of Withholding and Social Security Taxes accumulated and assessed during the time that the said Arthur G. Pettengill and Robert P. Flannery, co-partners doing business as O'Clair Granite Works, were engaged in said partnership and owing at

the time that said partnership was dissolved. The amount of said taxes claimed due is in excess of $10,000.00 and it is agreed by and between the parties that the current amount of taxes due, together with interest and costs, is to be verified by the Internal Revenue Service and submitted to the Court with the least practicable delay.

"5. The United States, in an attempt to collect said taxes, has filed notice of tax liens against all of the real estate of the said partnership of O'Clair Granite Works. These liens have been filed pursuant to the provisions of Sections 6321, 6322, and 6323 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6321, 6322, 6323, which in substance results in the creation of a lien in favor of the United States upon all property and rights to property belonging to the taxpayer and this lien is intended to cover both real and personal property. The question presented and at issue herein is whether, under the said recited provisions of the Internal Revenue Code of 1954, the interest of Arthur G. Pettengill, as a tenant by the entirety in and to the premises recited in Paragraph 1 of this stipulation, can be subjected to or impressed with such a lien.

"6. On two separate occasions the petitioners have been approached by purchasers desiring to purchase their home place and sale to either one of these prospective purchasers has been prevented by the refusal of lending agencies to consider loans to prospective purchasers, secured by a mortgage on the property, until the question of the validity of the Federal tax liens as applied against the interest of Arthur G. Pettengill as tenant by the entirety has been resolved and adjudicated."

I find further that the first of the tax liens claimed by the United States was filed and recorded on August 15, 1956. Other liens were recorded in 1956, 1957 and 1958.

## CONCLUSIONS OF LAW

■ This action does not bring into question the validity of any tax assessments. It merely brings into issue the validity of federal tax liens as they relate to one certain parcel of land. Being a "part of the machinery for the collection of federal taxes", the tax liens arise under an Act of Congress providing for internal revenue. This Court therefore has original jurisdiction over the matter by virtue of Section 1340 of Title 28 U.S.C.A. United States v. Coson, 286 F.2d 453 (C.C.A. 9th Cir., 1961). The plaintiffs present an actual controversy, and properly invoke 28 U.S.C.A. § 2201, which sets out the jurisdiction of this Court to declare the rights and legal relations of the parties.

■■ Defendant has very belatedly raised jurisdictional objections to the maintenance of this action. These I will mention before proceeding to the merits of the case. First while Section 2201 of Title 28 U.S.C.A. expressly excepts controversies with respect to Federal taxes, this particular controversy is not excluded thereby. Nor does Section 7421 of Title 26 U.S.C.A. prohibit this action. In Tomlinson v. Smith, 128 F.2d 808 (C.C.A. 7th Cir., 1942), it was held that the above statutory provisions apply to suits by the taxpayer, but not to a suit by a third party, who in that case was seeking to protect a competing lien on the taxpayer's property. Mr. and Mrs. Pettengill, as tenants by the entirety, may be said to have the status of a third party in contradistinction to Mr. Pettengill's position as the taxpayer. In the eyes of the law, their joint property rights in the real estate involved are just as separate from Mr. Pettengill's sole interests as are the rights, whether by lien or otherwise, of any other third party. That this is most obviously true as to Mrs. Pettengill, see Jones v. Kemp, 144 F.2d 478 (C.C.A. 10th Cir., 1944); it necessarily follows that it must be true as to both Mr. and Mrs. Pettengill. Adler v. Nicholas, 166 F.2d 674 (C.C.A. 10th Cir., 1948): Botta v. Scanlon, 288 F.2d 504 (C.C.A. 2nd Cir., 1961).

■ The second objection of the government is that there is no jurisdiction over the defendant, because the

United States has not consented to be sued. This can be answered shortly. Section 2410 of Title 28 U.S.C.A. constitutes consent of the United States to be sued in an action to quiet title to lands on which the United States claims a lien or mortgage. And the government's actions are even more fatal to the objection it now raises. By filing an answer without raising the jurisdictional question, proceeding through one hearing on the matter, and then entering into an agreed statement of facts before raising the question, the United States has waived any objection as to jurisdiction over the parties, and has consented to the action. Rule 12(b), F.R.Civ.P., 28 U.S.C.A., governs the objection of lack of jurisdiction over the person and accordingly the objection is not timely in this case.

And finally any procedural requirements of a person's action to clear title to property of a tax lien, as set out in 26 U.S.C.A. § 7424, have been waived by the government. For it to come in with this belated and untimely objection after filing an answer and agreeing to the facts, which must bind this Court in its decision, seems to be a grasping at straws.

This Court therefore has jurisdiction over both the persons and the subject matter of this action. Guttman v. United States, 196 F.Supp. 384 (D.C.N.Y.1961).

Moving now to the merits of the matter, the precise rights and legal relations in this case involve just this question. Do the tax liens of the United States attach to the property owned by the petitioners as tenants by the entirety? If they do, the declaratory relief sought by petitioners should be denied. If they do not, then the land records relating to that property, and the recordation of the tax liens, must show that the property is free and clear of the tax liens.

█ Even though matters directly affecting the nature and operation of federal tax liens arising under 26 U.S.C.A. § 6321 are federal questions, there is another factor involved here. That is, state law governs the question of what is "property or rights to property" of the taxpayer to which the government's

liens may attach. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 1285, 4 L.Ed.2d 1365, 1371 (1960); United States v. Durham Lumber Co., 363 U.S. 522, 80 S.Ct. 1282, 1285, 4 L.Ed.2d 1371 (1960).

█ It is the law in Vermont that tenants by the entirety hold the estate with but one title. Each has no power without the concurrence of the other to convey the estate to third persons. Kennedy v. Rutter, 110 Vt. 332, 6 A.2d 17 (1939). It is also clear that the wife, holding an estate by the entireties, has a real, separate interest in the estate, by virtue of the so-called married women's statute as set out in 15 V.S.A. § 64. Sargent v. Platt, 111 Vt. 185, 13 A.2d 195 (1940). And it has long been established that the husband's interest in an estate by the entireties is not one which can be subjected to claims for his sole debts. Corinth v. Emery, 63 Vt. 505, 22 A. 618, 25 A.S.R. 780 (1891). The Vermont Supreme Court in the Corinth case dealt with the provisions of now 15 V.S.A. § 68 which exempt the rents, issues and products of, and the monies and obligations arising from the sale of, the real estate of a married woman. The provisions include real estate held by the married woman before marriage and that acquired after marriage. The Court in the Corinth case made it clear that this rule applied to a married woman's interest in an estate by the entireties. George v. Dutton's Estate, 94 Vt. 76, 108 A. 515, 8 A.L.R. 1014 (1919).

█ Mr. Pettengill's interest in the particular property located in the town of Waterbury, owned by him and his wife as tenants by the entirety, is not property which is available for his sole debts. Cf. 15 V.S.A. §§ 67 and 68. This determination applies to claims of the United States for taxes arising from Mr. Pettengill's business activities. It applies with equal force to claims of any other creditor.

### JUDGMENT ORDER

It is hereby ordered, adjudged and decreed that the tax liens asserted by the

United States against Arthur G. Petengill for taxes arising out of his business activities in partnership with one Robert P. Flannery, d/b/a O'Clair Granite Works, are null and void as attempted by the United States to be levied on a certain piece of land with dwelling house thereon located in the Town of Waterbury owned by petitioners as tenants by the entirety, and to which a more particular description may be had by reference to Book 54, Page 116 of the Land Records of the Town of Waterbury, Vermont. The tax liens levied against the particular piece of real estate in the years 1956, 1957 and 1958 are hereby declared to be null and void and to constitute no encumbrance or cloud whatsoever on the petitioners' title to the aforesaid real estate.