Clifford A. STONE and Audrey D. Stone, his wife, as a marital community, Plaintiffs,

v.

UNITED STATES of America, and Neal S. Warren, as District Director of Internal Revenue for the District of Washington, Defendants.

No. 5834.

United States District Court
W. D. Washington, N. D.

Dec. 31, 1963.

Robbins, Oseran & Robbins, Seattle, Wash., for plaintiffs.

Brockman Adams, U. S. Atty., Payton Smith, Asst. U. S. Atty., Seattle, Wash., for defendants.

**202**

LINDBERG, Chief Judge.

In this action plaintiff husband and wife, as a marital community, are seeking relief both from a Notice of Levy served on Mr. Stone's employer, purporting to attach plaintiff's salary and all rights to property due him from his employer, and from a Notice of Lien against certain real property belonging to the marital community. Both the levy and the claim of lien against the real property are based on a federal tax assessment and lien arising out of the unpaid tax obligation of Mr. Stone, incurred prior to his marriage to the plaintiff wife. Husband and wife allege that the tax lien arises from a separate obligation of the husband which is not a debt of the marital community under Washington law, and that the personal and real property against which the lien is asserted are the property of the marital community, and not property of the husband to which a federal tax lien may attach.

Plaintiffs seek:

1. An order declaring the tax lien to be a separate obligation of the husband and not a liability of the marital community and declaring the tax lien null and void against property or rights to property of the community.

2. A permanent injunction against enforcement of said lien against community property and from distraint of community property therefor.

3. An order quieting title to the real property and decreeing that the United States has no right, title, and interest or lien in said real property.

The United States moves to dismiss the action on the grounds that the complaint fails to state a claim upon which relief can be granted; that 26 U.S.C.A. § 7421 (a) prohibits maintenance of a suit to restrain the assessment or collection of a federal tax; and that the court lacks jurisdiction by reason of the doctrine of sovereign immunity.

As a basis for its contention that the complaint fails to state a claim upon which relief can be granted, the government points out that under Washington law each of the spouses has a present, vested, undivided one-half interest in their community property, Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Rucker v. Blair (9 Cir. 1929) 32 F.2d 222; Occidental Life Insurance Co. v. Powers, 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531, and it is argued that this interest of the tax-obligor spouse constitutes a property right to which a federal tax lien will attach and against which levy and distraint can be effected, notwithstanding the fact that the tax obligation is a separate premarital debt of the taxpayer spouse and not a debt of the marital community composed of both spouses.

█ It is beyond dispute that nonliability of community real and personal property for separate debts of one spouse has long been the rule in Washington. Escrow Service Co. v. Cressler, 59 Wash. 2d 38, 42, 365 P.2d 760, and cases cited therein; Schramm v. Steele, 97 Wash. 309, 166 P. 634. However, the government takes the position that such immunity of the community property from liability for separate debts may be characterized as but a state exemption created by judicial interpretation of the Washington statutes pertaining to community property. The gist of the contention is that while state law must be consulted to determine whether a taxpayer has a sufficient interest in the "property" or "rights to property" involved to satisfy the requirement of 26 U.S.C.A. § 6321 creating tax liens, United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135; Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365, once a property interest of the taxpayer is found, state exemption laws are inoperative to prevent attachment of tax liens in favor of the United States created by federal statutes. United States v. Bess, supra; United States v. Heffron (9 Cir. 1947) 158 F.2d 657, certiorari denied 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845.

The question this court must decide on the motion to dismiss is whether under Washington law the immunity of the

community property from seizure for a separate, premarital debt of the husband is an inherent characteristic of the particular type of property interest involved therein, or whether such immunity from liability is, in fact, but a state-created exemption which cannot prevent attachment of a federal tax lien to the interest of the husband in the community property. This appears to be the only substantial issue presented under the motion to dismiss.

■ As to the government's contention that this court lacks jurisdiction, this action can be sustained under 28 U. S.C.A. §§ 1340, 2410 and 2463 as a suit brought by a third party (the marital community of Clifford A. Stone and Audrey D. Stone) for the purpose of quieting title to property clouded by a federal lien for the tax obligation of another, or to resist distraint or detention of property for the tax debt of another. United States v. Coson (9 Cir. 1961) 286 F.2d 453; Seattle Association of Credit Men v. United States (9 Cir 1957) 240 F.2d 906; Rothensies v. Ullman (3 Cir. 1940) 110 F.2d 590. Sovereign immunity has been waived by section 2410. Husband and wife, suing as a marital community holding community property by a unity of title, may be accorded the status of a third party in contradistinction to the husband's position as tax-obligor. Cf Pettengill v. United States (D.C.Vt.1962) 205 F.Supp. 10.

Coming then to consideration of the basic issue for decision: What is the nature and origin of the Washington rule of law which holds community property to be immune from liability for the separate premarital debt of the husband?

An early expression of the nature of the marital community in Washington is found in Holyoke v. Jackson, 3 Wash.T. 235, 238 et seq., 3 P. 841, 842 (1882), where the Washington court said:

" * * * By the provisions of the husband and wife acts passed in 1879, and previously, the husband and wife are considered as constituting together a compound creature of the statute, called a community. This creature is sometimes, though inaccurately, denominated a species of partnership. * * *

"In it, the proprietary interests of husband and wife are equal, and those interests do not seem to be united merely, but unified; not mixed or blent, but identified. It is *sui generis*—a creature of the statute."

This view of the marital community's unity of interest in the community real property persuaded the court in Stockand v. Bartlett, 4 Wash. 730, 31 P. 24 (1892) that community real property was not divisible at the instance of separate creditors and the husband's interest therein could not be sold on execution to satisfy his separate debt.

" * * * Such real estate is not the property of either of the parties, but of the community; and, owing to the peculiar nature of the ownership of such property, it would result in interminable confusion if the interest of either of the parties could be sold separately under execution. If the whole interest of one of the parties could be so sold, a part interest of one of them could be sold likewise, and the relation of the parties to the property would be destroyed thereby. The property left could not be held to be the community property of the husband and wife, for their interests after the sale would be unequal, provided they each had an interest therein; and, if the whole interest of one of the parties therein was thus sold, the remaining part belonging to the other spouse would not come under any of the definitions of property which either a husband or wife may hold and enjoy. * * * It is clearly against public policy to permit such a sale to be made."

The same rule applies to community personal property in spite of the broad statutory powers of management and disposition given to the husband, as now codified in RCW 26.16.030. In Schramm v. Steele, 97 Wash. 309, 166 P. 634

(1917), reversing some earlier conflicting decisions, the Washington court announced the rule that neither real nor personal community property can be subjected to levy to satisfy a judgment against the husband for a tort committed by him alone. It was stated that the statute conferring management and disposition of the community property upon the husband intended no more than to make him a statutory agent of the community, with authority similar to that given in a general power of attorney, and the court observed (97 Wash. p. 316, 166 P. p. 637):

> " * * * we have yet to learn of a case in which such a power, however broad, was held to destroy the estate of the donor of the power, and subject the property to the personal debts of the attorney in fact."

Likewise, the rule applies as to contractual obligations. Olive Co. v. Meek, 103 Wash. 467, 469, 175 P. 33, 34 (1918), where the concept of community property as belonging to the community as an entity was again emphasized:

> " * * * The vested property right of the community as an entity composed of husband and wife cannot be impaired merely because the husband is made its manager and the manager has a personal judgment against him."

. It has not been suggested that separate tax obligations of one spouse are in a different category from other separate debts, in relation to community property, and research does not indicate that separate tax obligations have been so regarded by the taxing authority of the State of Washington.

In view of the concept expressed in the cases cited above that under Washington law the marital community holds community property by a unity of title that is not divisible at the will of separate creditors, the observation of the court in Brotton v. Langert, 1 Wash. 73 at p. 80, 23 P. 688 at p. 689 (1890), that the "object of the law" is "in the nature of an exemption" should not be accorded controlling significance as urged by the government.

The government relies also on statements made in Bortle v. Osborne, 155 Wash. 585, 285 P. 425, 67 A.L.R. 1152, that by the community property laws of the state "the Legislature did not create an entity or a juristic person separate and apart from the spouses composing the marital community." That case, also, cannot be said to foreclose the plaintiffs' claim for relief because, there, the court was not concerning itself with the divisibility of community property at the instance of creditors, but was disposing of and rejecting an argument that the marital community is a distinct legal personality which could survive the death of one of the members composing the community, for the purposes of survival of a cause of action against the community.

An examination of the application of community property laws in the various states indicates clearly that interpretations of community property laws have not developed uniformly in the western states. Washington and Arizona have adopted a divergent view from the majority of the other community property states in regard to the liability of the community property for separate debts of the husband. An interesting discussion and comparison of the historical development of community property law in the various community property states will be found in the opinion of Judge Magruder in De La Torre v. National City Bank of New York (1 Cir. 1940) 110 F.2d 976, 980, where the Court of Appeals for the First Circuit was required to review a decision of the Supreme Court of Puerto Rico relating to the community property law of Puerto Rico. The court at page 980 of 110 F.2d quotes III Vernier, American Family Laws (1935), pages 223, 224, in part as follows:

> "Except in Arizona and Washington, the general rule seems to be that the husband's creditors may look to the community property for the satisfaction of liabilities incurred by

the husband, whether before or after marriage, in tort or in contract, as manager of the community or in his individual separate capacity. * *

"*The Washington court, consistent with its entity theory of the community*, holds that the community property is liable for 'community' obligations only. These are, roughly, obligations incurred (ordinarily, of course, by the husband) in tort or contract for the benefit of the community or while managing the community * * *. Arizona now appears to have adopted in full the Washington view * * *." (Emphasis added)

See also Cosper v. Valley Bank (1925) 28 Ariz. 373, 237 P. 175.

█ In the light of the historical development of the community property concept under Washington law and the public policy supporting it, this court, upon a hearing on the merits, could readily find that the character and extent of the plaintiff husband's undivided interest in the community property herein involved is such as to make it, by virtue of its inherent nature, immune from seizure under a federal tax lien arising out of his separate tax obligation, because of the character of the "property" or "rights to property" created under the state law of Washington. Conversely, this court cannot accept or approve the concept advanced by the government that as a matter of law the Washington rule, which holds that the plaintiff husband's interest in the community property is not liable to execution for his separate debt, is plainly a state exemption law having no application to attachment of a federal tax lien.

While no cases have been found bearing on the precise question herein involved, cases involving a homestead interest in property and cases involving tenancies by the entirety furnish close analogies to the type of undivided property interest here alleged.

The reasoning adopted in those decisions appears applicable here in view of the rulings of the Washington Supreme Court as to the character of the rights of husband and wife in community property held in the state of Washington. See United States v. Hutcherson (8 Cir. 1951) 188 F.2d 326; Pettengill v. United States (D.C.Vt.1962) 205 F.Supp. 10; Morgan v. Moynahan (D.C.Tex.1949) 86 F.Supp. 522; Bigley v. Jones (D.C.Okl. 1946) 64 F.Supp. 389.

In conclusion, it may be conceded that application of the Washington concept of community property interests may result in inequities in the collection of delinquent tax claims, but, as stated by the Court of Appeals for the Eighth Circuit in United States v. Hutcherson, supra:

"* * * We do not conceive it to be an appropriate exercise of the power and authority of a federal court to strike down a rule of property, not repugnant to any law of the United States, long established in the state, and upon which many valuable property rights are based."

The motion to dismiss will be denied, and this memorandum decision will serve as an order denying said motion.