**Delmar H. DRAPER, Jr., and Shirley Shively Draper, as a marital community, Plaintiffs,**

**v.**

**UNITED STATES of America and Neal S. Warren, District Director of Internal Revenue, Defendants.**

**Civ. No. 6347.**

United States District Court
W. D. Washington, N. D.
July 19, 1965.

Esther Jane Johnson, Seattle, Wash., for plaintiff.

William N. Goodwin, U. S. Atty., Seattle, Wash., Gerald W. Hess, Asst. U. S. Atty., for defendant.

BEEKS, District Judge.

The tomes of the law are replete with ingenious attempts to lawfully avoid the payment of income taxes. This is one of them. The case presents the unusual situation of a person seeking to avoid the payment of taxes admittedly due and owing by reliance on an element in the Washington community property law which is colloquially referred to among members of the Washington bar as "marital bankruptcy."

The facts are not in dispute. Shirley Shively Draper is obligated to the United States of America for income taxes for the calendar years 1960 and 1961. Notice and demand have been made upon her to pay these taxes and she has refused to do so. The taxes here in question were assessed on August 10, 1962. On June 29, 1963, Shirley Shively married Delmar H. Draper, Jr. at Seattle, Washington. Since that time they have resided in the State of Washington and at all times pertinent hereto were domiciled in the State of Washington and have not lived separately and apart since their marriage. On September 17, 1964, the District Director of Internal Revenue for the District of Seattle levied upon one-half of the wages earned by Shirley Draper as an employee of Marie's Cafe in Seattle. Pursuant to this levy, Marie's Cafe sent a check to the District Director of Internal Revenue payable to the order of the Internal Revenue Service in the amount of $22.44. This check was certified but has not been cashed. The check represents one-half of the wages earned by Shirley Shively Draper for her personal services performed by her for Marie's Cafe for the week beginning December 14, 1964. The total obligation owed by Shirley Shively Draper for the years 1960 and 1961, including lien fees and interest accrued to February 4, 1965, is $733.02.

The Drapers, as a marital community, seek herein to quiet title to the funds levied upon by the Government and to obtain a judicial order quashing the tax levy.

■ It has long been the law of the State of Washington that community property is not subject to the claims of creditors for the satisfaction of the separate debts of either spouse. Brotton v. Langert, 1 Wash. 73, 23 P. 688 (1890); Stockand v. Bartlett, 4 Wash. 730, 31 P. 24 (1892); Schramm v. Steele, 97 Wash. 309, 166 P. 634 (1917); Katz v. Judd, 108 Wash. 557, 185 P. 613 (1919). The parties agree that the wages of Shirley Shively Draper which were levied upon by the Government are community property as defined by Washington law and that under such law the tax liability of Shirley Shively Draper is her separate obligation.

The same legal issue was before another Judge of this district in the case of Stone v. United States, D.C., 225 F. Supp. 201 (1963). The Government advances the same argument now as it did then, viz., that although Federal courts must look to the law of Washington for a definition of the property rights of the taxpayer, 26 U.S.C. § 6321, United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958), Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960), the Internal Revenue Service is not bound by state statutes or judicial decisions on the question of whether property rights as so defined are subject to levy by the Federal Government. United States v. Bess, supra; United States v. Heffron, 158 F.2d 659 (9th Cir. 1947), cert. denied, 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845.

Stone v. United States, supra, held that the immunity of the community property from seizure for a separate pre-marital debt of a spouse is an inherent characteristic of the particular type of property interest involved. With the utmost respect for the erudition of my friend and colleague, I regrettably dissent from this conclusion.

It is the opinion of this court that the plaintiffs are not entitled to the relief sought for the reason that the Washington courts have judicially created exceptions to such rule of immunity, which exceptions are based on grounds of public policy, and this court finds as to the facts of this case that public policy requires such an exception here also.

The case of Fisch v. Marler, 1 Wash. 2d 698, 97 P.2d 147 (1939), involved an attempt by a divorced wife to collect alimony by garnishing the wages of her former husband. Since he had remarried the wages were the community property of the husband and his second wife and under the usual rules of community property in Washington immune from the claims of creditors of one of the spouses individually. The able opinion of the late Judge Steinert illustrates the court's dilemma:

"It must be conceded that this presents a difficult problem for, seemingly, we must adopt, as controlling of this case, one of two conflicting principles. One principle, well settled in this jurisdiction, is that community property may not be taken in satisfaction of a separate judgment or indebtedness of either spouse. The other principle, if we are to give it recognition, is that a divorced wife has such an interest in the earnings of her former husband as will support a garnishment for unpaid installments of alimony. Apparently, there has been some doubt among the members of the bar as to which of these principles governs the other in case of conflict." 1 Wash.2d at 712, 713, 97 P.2d at 154.

The opinion then goes on to decide, on broad grounds of public policy and "on grounds of justice and reason," that an exception to the rule of immunity should be created, stating that the first wife had a fixed and prior interest in the earnings of her husband.[1]

This court is of the opinion that the basis for the exception "on grounds of justice and reason" is equally strong, if not stronger, on the facts of this case where collection of the Federal income tax, the economic life-blood of our nation, is involved. If this court were to find for the plaintiffs, the United States would be unable to collect the tax—even though there might be a considerable wealth of community property—until the marital community was dissolved by death or divorce. Permitting a "marital bankruptcy" to be operative against valid and admitted tax obligations would not only be unjust and unreasonable but violative of sound public policy.

There is a statement in the case of Stafford v. Stafford, 18 Wash.2d 775, 140 P.2d 545 (1943), to the effect that the de-

1. In a case in the Superior Court of the State of Washington for King County which was not appealed, Electrical Products Consolidated v. Clarke, Judge Malcolm Douglas held that public policy required an exception to the immunity rule where a couple were divorced and later remarried. They claimed that the property of the second community was immune from a community debt incurred during the first marriage. Under the Washington law all property of the first community became separate property on divorce. McLean v. Burginger, 100 Wash. 570, 171 P. 518 (1918). Thus, strict application of the community property rules would have required immunity, but to eliminate the possibility of divorce and remarriage being used as a substitute for bankruptcy the property of the second community was subjected to liability for the debts of the prior community. The case is reported in 1 Seattle Bar Bulletin, No. 9, p. 4 (April 1958). The Ninth Circuit in Greear v. Greear, 303 F.2d 893, in applying Nevada community property law on a point which Nevada had not yet decided, determined that on the basis of public policy considerations Nevada would, when confronted with the situation, follow Fisch v. Marler, supra.

cision in Fisch v. Marler, supra, even though not therein discussed, was based on the rule in Haakenson v. Coldiron, 190 Wash. 627, 70 P.2d 294 (1937), that alimony is not a "debt" but an obligation created by judicial decree. Accepting such distinction as the law of Washington, this court does not find that the distinction dictates a conclusion contrary to that herein reached, for neither alimony nor tax obligations involve a voluntarily created contractual "debt"—both arise by operation of law, one by judicial decree and the other by legislative enactment. Both are imposed by public policy, one for the support of the family, the other for the support of the nation. Neither is more or less important than the other.

The complaint will be dismissed with prejudice and with costs. Counsel for defendants will prepare an order in compliance herewith for presentation to the court on July 26, 1965, at 9:30 a. m.