Lessie S. MULCAHY, Plaintiff,

v.

UNITED STATES of America and R. L. Phinney, District Director of Internal Revenue, Defendants.

Civ. A. No. 65–H–600.

United States District Court
S. D. Texas,
Houston Division.

March 11, 1966.

Daniel J. Mulcahy, Houston, Tex., for plaintiff.

Woodrow B. Seals, U. S. Atty., and William B. Butler, Asst. U. S. Atty., Houston, Tex., for defendants.

INGRAHAM, District Judge.

The question for decision in this case is whether or not the earnings of a wife in the community property state of Texas may be seized by the federal government to satisfy a tax liablity of the husband.

The plaintiff, Lessie S. Mulcahy, seeks a permanent injunction against the United States and R. L. Phinney, District Director of Internal Revenue, to restrain their agents from levying upon her personal earnings, and a declaratory judgment that these earnings may not be

collected in satisfaction of the tax liability of her husband.

The husband's liability (itself contested in a companion case in this court, 251 F.Supp. 785) arose from the failure of a Texas corporation with which the husband was connected to pay taxes withheld from employees of the corporation. The Internal Revenue Service assessed a penalty tax against the husband under Section 6672 of the 1954 Internal Revenue Code. It is stipulated that plaintiff had no connection with the corporation, and that the indebtedness, if any, is solely that of the husband.

On or about September 15, 1965, the Internal Revenue Service served a notice of levy on plaintiff's employer, and shortly thereafter plaintiff filed this suit. A temporary restraining order was entered, enjoining defendants from seizing or levying on plaintiff's personal earnings, and an oral hearing was held. The parties stipulated that the order was to remain in effect until briefs could be filed and the case determined on the merits. The defendants also stipulated that the Internal Revenue Service will levy on plaintiff's salary in the future as a means of collecting the disputed assessments unless restrained from doing so by the court.

It is the opinion of the court that the earnings of the wife are not subject to levy in this situation, and an injunction will be entered accordingly.

At the outset, it should be noted that defendants at one point contended that the United States had not consented to be sued in this action, and that jurisdiction was accordingly wanting. However, this contention is not argued in an otherwise thorough and complete brief, and the court will assume that defendants are not urging this defense.

The levy being contested here was presumably imposed pursuant to Section 6321 of the 1954 Internal Revenue Code, which authorizes a tax lien upon the property of the taxpayer. The question in this case is whether Article 4616, Vernon's Texas Civil Statutes, which exempts the wife's earnings from payment of the husband's debts, is effective to prevent attachment of such lien.

The general rule is that "state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States." United States v. Bess, 357 U.S. 51, 57, 78 S.Ct. 1054, 1058, 2 L.Ed.2d 1135 (1958). In other words, a state law which merely creates an exemption for certain classes of property must yield to Section 6321. However, if the question involved is one of property rights rather than merely of exemption, state law controls. See Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Thus, if in this case the Texas statute creates property rights in the wife rather than merely granting an exemption, the federal lien will not attach. State law, of course, determines the category into which this statute fits.

Research has disclosed only one published decision of a federal court in Texas treating this point. In that case, Bice v. Campbell, 231 F.Supp. 948 (N.D. Tex.1964), the court held that Article 4616 creates a property right in the wife. It is the opinion of this court that the leading Texas case of Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925), not only supports but in fact requires this decision.

In Arnold v. Leonard, the Texas Supreme Court considered the constitutionality of the predecessor statute to Article 4616 and held that under the Texas Constitution, Art. 16, Sec. 15, Vernon's Ann.St., the legislature cannot create an entirely new class of separate property. However, the court held further that the legislature does have the power to free certain property of the wife from liability for the husband's debts. In discussing this point, the court used the following significant language:

"In making this grant of enlarged rights to the wife, and working the corresponding diminution in rights to be exercised by the husband, the Legislature was lawfully defining the wife's rights in both her separate estate and common property, as

expressly authorized by the Constitution." (Emphasis supplied.) Arnold v. Leonard, supra, 273 S.W. at 805.

Defendants point out the use of the words "exempt" and "exemption" in the Arnold case, and conclude that Arnold and later cases construe the statute as creating an exemption only. However, it is the opinion of this court that the above language from Arnold, read in conjunction with the entire opinion and the cases which follow, require a holding that the definition of the wife's property rights found in Article 4616 envisions a significant increase in her rights and a corresponding diminution in the rights of the husband. The federal statute accordingly does not authorize a tax lien on the wife's earnings, nor can such earnings, be seized in satisfaction of a tax debt of the husband.

Two judges of a federal court in Washington, also a community property state, have considered the question as applied to Washington law. Stone v. United States, 225 F.Supp. 201 (W.D.Wash. 1963). Draper v. United States, 243 F. Supp. 563 (W.D.Wash.1965).

The clerk will notify counsel to draft and submit judgment accordingly.