Daniel J. MULCAHY and Lessie S.
Mulcahy, Plaintiffs,

v.

UNITED STATES of America and R. L.
Phinney, District Director of Internal
Revenue, Defendants.

Civ. A. No. 65-H-688.

United States District Court
S. D. Texas,
Houston Division.

March 11, 1966.

Daniel J. Mulcahy, Houston, Tex., for plaintiffs.

Woodrow B. Seals, U. S. Atty., and William B. Butler, Asst. U. S. Atty., Houston, Tex., for defendants.

INGRAHAM, District Judge.

Plaintiffs, husband and wife, seek relief from a penalty assessment arising out of the failure of a corporation with which the husband was connected to pay withholding taxes collected from employees of the corporation. The husband refused to pay the penalty; defendants seized money from plaintiffs' joint bank account, and now have a lien upon other property belonging to plaintiffs. The case is here on defendants' motion to dismiss.

Defendants assert that this action is barred by Mulcahy v. United States, 237 F.Supp. 656 (S.D.Tex.1964), in which an action brought by the husband to contest the same assessment was dismissed for want of jurisdiction. Plaintiffs in the present suit raise one new jurisdictional point. They assert that this suit is in the nature of an action to quiet title to property on which the United States has a lien, and accordingly that the United States has consented to be sued under 28 U.S.C.A. § 2410. For the reasons stated below, the court is of the opinion that plaintiffs' contention has no merit. The other jurisdictional issues having been considered in the prior suit and determined adversely to plaintiffs' position, the case will be dismissed for want of jurisdiction.

Section 7421(a) of the 1954 Internal Revenue Code provides that, except in certain situations not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." This court in the prior Mulcahy case held that this section prohibited the suit, and that neither 28 U.S.C.A. § 2201 (which provides for declaratory judgments) nor 28 U.S.C.A. § 1340 (a general jurisdictional statute) authorized the suit against the United States.

Section 2410, upon which plaintiffs now rely, states that "the United States may be named a party in any civil action or suit in any district court * * * to quiet title to * * * real or personal property on which the United States has or claims a mortgage or other lien." Where a federal tax lien is involved, this statute has been uniformly interpreted to authorize suit only by a third party, and not by the taxpayer himself. See, e. g., Falik v. United States, 343 F.2d 38 (2 CA 1965). Plaintiffs contend that they are suing as a marital community, and as such are a third party when considered in relation to a penalty assessed against the husband alone.

To support this contention, plaintiffs rely on three cases which allowed suit under this statute by a marital community. Pettengill v. United States, 205 F.Supp. 10 (D.Vermont 1962) (plaintiffs sued as tenants by the entirety). Stone v. United States, 225 F.Supp. 201 (W.D.Wash.1963). Draper v. United States, 243 F.Supp. 563 (W.D.Wash. 1965) (the jurisdictional issue was not raised in this suit, and the case was decided on the merits). In each of these cases, however, the courts made clear the fact that, under state law, the marital community was *not* liable for the separate debts of the spouses. The plaintiffs were contesting not the tax liability itself but its imposition upon them vis-a-vis the taxpayer individually. In Texas, however, debts of the husband *can* be paid out of community property. Vernon's Ann.T.C.S. art. 4620. The interests of the husband individually and of the community are the same where debts of the husband are concerned. Thus, in the opinion of the court, the community is

not a third party so as to be entitled to sue the government under Section 2410.

The case will be dismissed for want of jurisdiction. The clerk will notify counsel to draft and submit appropriate dismissal order.