Daniel J. **MULCAHY** and Lessie Mulcahy, Appellants,

v.

**UNITED STATES** of America et al., Appellees.

No. 24052.

United States Court of Appeals Fifth Circuit.

Jan. 10, 1968.

---

2. The Tax Court's opinion reported at 46 T.C. 492 (1966) contains a more elaborate statement of the facts.

Daniel J. Mulcahy, pro se.

Morton L. Susman, U. S. Atty., Houston, Tex., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Willy Norwind, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before JONES, WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

This suit represents the Mulcahys' second attempt to avoid the "pay now, litigate later" polcy [1] of the federal revenue laws. The Internal Revenue Service made a penalty assessment against Daniel Mulcahy in the amount of $4,610.76, representing withholding taxes collected by the Houston Steel Drum Company, which the company failed to pay over to the United States. Mulcahy was an officer and counsel of the delinquent company. The Mulcahys alleged that the making of the assessment without first granting the taxpayer an opportunity for a conference and the subsequent enforcement of the tax liens securing payment of the assessment have resulted in the deprivation of the Mulcahys' property rights without due process of law. The Mulcahys sued to enjoin the government from filing the tax liens arising therefrom. The district court dismissed the suit, holding it barred by section 7421(a) of the Internal Revenue Code—prohibiting suits "for the purpose of restraining the assessment of collection of any tax"— and by section 2201 of 28 U.S.C.—providing for declaratory judgments "except with respect to Federal taxes". Mulcahy v. United States, S.D.Tex.1964, 237 F. Supp. 656. The federal tax lien arising from the assessment was then secured by the filing of notice in Harris County, Texas, and execution in part was had by

1. Int.Rev.Code of 1954, § 7422; Flora v. United States, 1960, 362 U.S. 145, 165, 80 S.Ct. 630, 4 L.Ed.2d 623.

seizure of a joint bank account of the Mulcahys.[2]

The Mulcahys have now sued (1) to enjoin collection of the penalty as having been illegally assessed, (2) for return of the money seized by levy, and (3) to quiet title to personal property by cancellation of the federal tax lien notice. The opinion below is reported at 251 F.Supp. 785.

(1) As to the suit to enjoin collection of the penalty, involving identical jurisdictional issues to those considered in the prior suit by the Mulcahys, the district court below held the prior judgment res judicata. These issues are again raised on appeal, but as we agree with the district court we find it unnecessary to review them.

(2) Daniel Mulcahy, technically the "taxpayer" in this action, cannot sue for a return of the money seized by levy because he has failed to file a claim for refund. Int.Rev.Code of 1954, § 7422 (a). Since under Texas law the marital community and thus community property is liable for the separate debts of the husband, the levy was not wrongful to Mrs. Mulcahy, and she has no cause of action against the government. Vernon's Ann.Tex.Rev.Civ.Stat. art. 4620; Moss v. Gibbs, Tex.1963, 370 S.W.2d 452.

(3) Furthermore, Daniel Mulcahy cannot dispute the validity of the assessment under the guise of a quiet title action without first having paid the outstanding assessment. And even suing as a marital community, the plaintiffs do not become such a *third party* as is authorized to sue under 28 U.S.C. § 2410. Falik v. United States, 2 Cir. 1965, 343 F.2d 38.[3] Judge Ingraham's discussion in this regard is an accurate statement of the law.

We affirm the judgment of the district court ordering dismissal of the plaintiffs' action for want of jurisdiction.

---

2. Next, Mrs. Mulcahy sued to restrain levy on her personal earnings to satisfy her husband's debt. The court sustained her position under Texas law and enjoined the levy. Mulcahy v. United States, S.D. Tex.1966, 251 F.Supp. 783.

3. See generally Comment, Conclusiveness of the Merits of a Tax Assessment and the Congressional Policy of Summary Tax Collection, 71 Yale L.J. 1329, 1337–41 (1962).