**POWELL v. ROTHENSIES.**

Civ. A. No. 2991.

United States District Court
M. D. Pennsylvania.

Oct. 28, 1949.

------◆------

Frank Slattery, Frank McGuigan, Wilkes Barre, Pa., Deane Ramey, of Ramey & McKelvey, New York City, for plaintiff.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Tax Division, Dept. of Justice, Frederic G. Rita, Washington, D. C., for defendant.

WATSON, Chief Judge.

This is an action by Hannah May Powell against Walter J. Rothensies, individually, and as former Collector of Internal Revenue for the First District of Pennsylvania, for damages claimed as a result of the illegal and wrongful acts of Rothensies in issuing, or causing to be issued, certain tax warrants and in seizing certain property of the plaintiff.

On September 2, 1947, the defendant filed a Motion for summary judgment dismissing the complaint with costs. This Court denied that motion by an order, and stated in its opinion: "After careful consideration of Plaintiff's Complaint, the Answer filed by the defendant, affidavits filed by the Defendant and by the Plaintiff, and the arguments and briefs of counsel, this Court is of the opinion that justice requires that the motion be denied at this time, and that the case proceed to trial before final determination of the question now presented by the Defendant."

In accordance with that opinion the case proceeded to trial before the Court and a jury. At the trial both sides presented testimony on the question as to whether the acts of the defendant were within the scope of his authority as a Collector of Internal Revenue and as to whether or not the acts of the defendant were illegal, unlawful, willful, without just cause or without due process of law.

At this point in the trial, the defendant submitted a motion for a directed verdict and a motion to dismiss which are now before the Court for disposition.

■ The evidence clearly shows that the levy, warrant of distraint, and the distraints themselves made by the defendant, and complained of by the plaintiff, were within the scope of the defendant's authority. For acts to be considered within the scope of official authority they need not be prescribed by statute or even specifically directed or requested by a superior officer, but it is sufficient if they are done by an officer in relation to matters committed by law to his control or supervision, or if they are governed by a lawful requirement of the department under whose authority the officer is acting.

■ The legal principle generally applied to a situation such as here exists is that, as to many governmental officers, even the absence of probable cause and the presence of malice or other bad motive are not sufficient to impose liability upon such an officer who acted within the scope of his authority. This principle has been applied not only to judicial and quasi-judicial officials but to such executive officers as the Postmaster General, the Secretary and Assistant Secretary of the Treasury, members of the United States Parole Board, the Parole Executive, the Warden of a federal penitentiary, the Director of the Bureau of Prisons, the Commissioner of the District of Columbia, the Chairman of the Tariff Commission, the United States Commissioner of Indian Affairs and the Chief of the Record and Pension Office of the War Department, but in no case which has come to my attention has a Collector of Internal Revenue been called upon to respond in damages resulting from his acts while acting in the scope of his authority. This is the first case, so far as I know. To apply any other principle to this defendant, a Collector of Internal Revenue, would be to deny him the protection which the law throws about him and to which he is entitled to insure zealous and fearless collection of money owing by individuals to our Government. The fact that an overzealous or unprincipled officer may get a personal pleasure out of the suffering of a taxpayer is not sufficient to offset the interest of all the people in having the taxes collected.

Judge Miller, in the case of Cooper v. O'Connor et al., 1938, 69 App.D.C. 100, 99 F.2d 135, 138, 118 A.L.R. 1440, in speaking for the United States Court of Appeals for the District of Columbia, stated very clearly the policy of the law when the act complained of was done within the scope of the officer's duties. He said: "The policy of the law is that he shall not be subjected to the harrassment of civil litigation or be liable for civil damages because of a mistake of fact occurring in the exercise of his judgment or discretion, or because of an erroneous construction and application of the law."

The acts of the defendant having been performed in the discharge of his official duties and within the scope of his authority, the motives with which those duties were performed are immaterial, and the motion for a directed verdict will be granted, and, thereafter, the motion for dismissal will be denied.