Lorraine Conley BICE, Joined by her Husband, E. Frank Bice, Plaintiffs,

v.

Ellis CAMPBELL, Jr., District Director of Internal Revenue, and United States of America, Defendants.

Civ. A. No. 3–422.

United States District Court
N. D. Texas,
Dallas Division.

April 9, 1964.

Wm. F. Billings, of Fanning, Billings, Harper, Pierce & Gilley, Dallas, Tex., for plaintiffs.

Barefoot Sanders, U. S. Atty., Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., for defendants.

DAVIDSON, District Judge.

This action arises out of a levy made by representatives of the Internal Revenue Service which levy was made for the purpose of collecting an alleged delinquent income tax assessment dated May 8, 1959, against E. Frank and Bonnie Bice in the amount of $3,906.12.

The notice of levy was served upon the First National Bank in Dallas and called for payment out of any funds held by the bank which were community property of E. Frank Bice and his present wife Lorraine Conley Bice.

The suit also involves a question of title to an automobile. The question of damages is raised by the plaintiff in her pleading in which she charges that the defendant had tied up the funds of the plaintiff by the levy and had greatly inconvenienced her and tends to charge the defendant in connection with the seizure of the automobile and the tying up of the funds with causing the plaintiff Lorraine Conley Bice material loss.

The suit therefore involves three questions: First, the title to the automobile; secondly, the question of damages by reason of the levy on the automobile and the funds being the separate property of the present wife; and third, it raises the material question of whether or not those funds in the bank and the property generally of the plaintiff Lorraine Conley Bice might be seized and claimed by the government to pay the taxes of the husband, E. Frank Bice.

It should be remembered in considering the matter that the tax in question against E. Frank Bice arose before his marriage to the present wife, Lorraine Conley Bice. The levy in question was made upon the income from the separate property, according to the contention of plaintiff, of the wife of the second marriage, the said Mrs. Lorraine Conley Bice.

As to question No. 1 touching the title to the car, it appears that the car was levied upon as the property of the husband E. Frank Bice or as community property of himself and wife.

The evidence is conclusive to the effect that after the automobile was levied upon that an arrangement was made to deliver it to Mrs. Bice for the sum of $1200.00 and that she paid such out of her separate funds. After she had done this, it was levied upon again to satisfy the tax of her husband due or alleged to have been due before her marriage to him.

■ If the car had been sold or disposed of in the same manner that this one was to a third party, we think that there is no doubt but that the third party would have received title to the car. It being the separate money of Mrs. Bice, we think she is to all intents and purposes a third party and that the money accepted by the government was paid by her in good faith and that she is entitled to the car, and it will be so ordered.

■■ As to the element of damage claimed by the plaintiff, this suit is brought against the defendant not in his individual capacity but as an officer of the government. In order to hold an official of the government responsible in damages for acts done by him, such acts must be done in violation of law and capricious. If judgment should be rendered for damages, no fund of the government would be liable for the judgment nor would a successor to the defendant Ellis Campbell in any sense be liable for the judgment.

■ To make the defendant Campbell liable in monetary damages for the act of himself and his agents the suit must have been brought against him in his individual capacity as being an act capricious and unlawful, and a judgment would not run against him as a public official. The claim for damages will therefore be denied.

The above questions arose on motions of the plaintiff on the question of the automobile and motion of damage by the defendant. At the hearing of said motions the third question as to whether or not the levy upon the income from the separate property of the second wife, Mrs. Lorraine Conley Bice, was proper, gives us more concern.

After indicating our views at this hearing certain arguments were made and which were stipulated and filed with the papers of the case by which the further hearing of the matter would be deferred for two weeks and during such time there would be no sale of the automobile and certain funds in the bank would be temporarily released. And it

was further stipulated that the parties would be ready for trial at that time if some agreement had not been reached as to the disposition as to the automobile and the remaining acts under levy at the First National Bank.

This stipulation was made without prejudice to the rights of either party but brings before the Court not only the two questions raised by motion but a final question disposing of the third question and disposing of the entire case on the merits, which question gives us more concern than the first two, the disposition of which we have indicated.

Lorraine Conley Bice was married to E. Frank Bice on June 15, 1962 at which time she had a separate estate on deposit in the First National Bank of Dallas, Texas, which had been maintained separately from the community estate. She has derived income from the separate trust estate and interest income from her separate savings account.

The Internal Revenue Service levied on her bank account which includes interest income and income from the trust asserting that these funds are applicable to delinquent taxes due by her husband E. Frank Bice and his former wife Bonnie Bice which were incurred, however, prior to her marriage to the plaintiff E. Frank Bice.

■ This question raises as we have indicated the subject of the husband's tax liability being placed upon the separate property and the income from the separate property of the wife of the second marriage. The answer to the question we think rests upon the interpretation of the Texas law, to wit: Whether or not Article 4616 Vernon's Ann.Texas St. establishes a property right or whether it is a mere exemption. Stated very simply, if said article is an exemption the Federal tax lien will attach, but if the article defines the right to separate property, then the lien will not attach. The Court is of the opinion that Article 4616 of Vernon's Annotated Texas Statutes does establish a property right in the income from the separate property of the wife.

Although Title 26 U.S.C.A. § 6321, authorizes a tax lien upon all property of the person liable for unpaid taxes, it is well established that if the property levied upon is by laws of the State recognized and defined as the separate property of the spouse, then no Federal lien will attach.

In applying the Federal tax lien statute State laws control the determination of the taxpayer's legal interest in the property and Federal law only defines the consequences to be attached to the State created rights. Chicago Federal Savings and Loan Ass'n v. Cacciatore, 1961, 33 Ill.App.2d 131, 178 N.E.2d 888. Federal law has made a distinction between property rights and exemptions established by the State. An exemption provided by a State law is ineffective against the statutory lien of the United States for Federal taxes. United States v. Hoper, 7 Cir., 1957, 242 F.2d 468.

The Legislature of Texas has established a category of community property referred to as "special community." "Special community" property is that portion of the community which is under the wife's exclusive control and not liable for the husband's debts. Moss v. Gibbs, Tex., 370 S.W.2d 452.

Article 4616, V.A.T.S. states:

"Neither the separate property of the wife * * * nor the revenue from her separate property shall be subject to the payment of debts contracted by the husband * * *."

Thus it is made clear under the law of Texas, Article 4616, that it determines and defines property instead of creating exemptions or giving the right by law to a debtor to retain a portion of his property free from the claims of his creditors.

It is not contended in this case that the plaintiff appears in the role of a debtor but is asserting her right under separate property as defined by the statutes of Texas.

" * * * During marriage the wife shall have the sole management, control, and disposition of her separate property, both real and personal." 4614 V.A.T.S.

This article gives married women the same power and capacity as if she were a femme sole acting in her own name. The husband's contractual obligations and debts shall not be binding upon her separate property.

Although no Federal cases have been found which directly bear upon this point as applied to Texas law, the Court has and does consider the opinion of the Federal District Judge in the State of Washington in the case of Stone v. United States (Warren) (1963), 225 F. Supp. 201.

Non-liability of community real and personal property for separate debts of one spouse have long been the rule in the State of Washington. Although in Texas community estate in general is liable for ante-nuptial debts of either spouse, the Texas Legislature has by the above mentioned Article 4616 specifically forbidden liability of the wife's "special community" property for debts contracted by her husband.

This Court considers our statutes analogous to those dealt with in the Stone case for the State of Washington.

Under the Washington State law the immunity of community property from the debts of the husband was an inherent characteristic of the property interest involved. Such immunity from liability was not a State exemption and would prevent attachment of the tax lien to the interest of the husband in the community property.

In the light of the foregoing it is the opinion of this Court that the Texas statute, Article 4616 V.A.T.S., defines a property right and not an exemption.

It further appears to the Court that the plaintiff is entitled to judgment as a matter of law. Moreover, the question of justice in the light of fair play and that which is just, right and wrong enters into our thinking to the extent that we cannot concur that the property

of a second marriage should be subjected to the indebtedness of the former spouse and her husband as such.

Judgment will therefore be rendered as above indicated.