**King DAVID and Virginia C. David, Appellants,**

v.

**Sheldon COHEN et al., Appellees.**

**No. 21640.**

United States Court of Appeals District of Columbia Circuit.

Argued June 13, 1968.

Decided Jan. 10, 1969.

---

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., for appellants. Mr. King David, Washington, D. C., also entered an appearance for appellants.

Mr. Robert I. Waxman, Atty., Department of Justice, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. Lee A. Jackson and Crombie J. D. Garrett, Attys., Department of Justice, were on the brief, for appellees. Messrs. Richard M. Roberts and Frank X. Grossi, Jr., Attys., Department of Justice, also entered appearances for appellees.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge and ROBINSON, Circuit Judge.

PER CURIAM:

Appellants, King David and his wife, Virginia C. David, were indebted to the United States for income taxes for the years 1960 through 1962. On January 14, 1966, Mr. David met with appellee Jane Brown, a receptionist in the Washington, D. C., office of the Internal Revenue Service, who referred him to appellee Gladys Armwood, a tax examiner in that office. The purpose of the meeting was to discuss the possibility of satisfying appellants' tax liabilities by deferred payments. The procedure for making installment payments was explained, but nothing further eventuated from the meeting. A few days thereafter, appellants paid the taxes in full by mailing three cashier's checks to the Internal Revenue Service office in Baltimore, Maryland.

About ten days later, appellee C. C. Lynch, Jr., who at that time was the chief of the office collection force of the Washington area office, authorized the service of a notice of levy upon the Riggs National Bank of Washington. The purpose of the levy was to seize appellants' property in the bank's hands for the payment of the 1960–62 tax indebtedness. Mr. Lynch, at that time, had no knowledge that appellants had satisfied their tax liabilities for those years.[1] Complying with the levy, the bank paid to the Internal Revenue Service the sum of $205.85 from the checking account of Mrs. David. This depleted the account, causing several checks previously written by her to be returned.

A few days later, on February 8, 1966, Mr. Lynch, still without knowledge that appellants' taxes had been paid, authorized the service of a notice of levy on the disbursing office of the Library of Congress, where Mrs. David was employed, for the same purpose as the prior levy. Upon learning of appellants' payment of the taxes, however, Mr. Lynch recalled the second notice of levy before any money was sent to the Internal Revenue Service by the Library of Congress. On April 6, 1966, appellants received from the Internal Revenue Service a refund of the $205.85 (plus interest) collected previously from the bank pursuant to the first notice of levy.

Appellants brought action in the District Court against the above-mentioned appellees and Sheldon Cohen, Commissioner of Internal Revenue, in their individual capacities, seeking damages, *inter alia*, for defamation of character, abuse of process, malicious prosecution, deprivation of constitutional rights and negligence. Both parties filed motions for summary judgment. The District Judge denied appellants' motion, granted appellees' motion, and dismissed the complaint with prejudice. This appeal followed, and, after a careful review of the record, we affirm.

The case clearly called for summary judgment in favor of appellees Brown and Armwood since appellants alleged no facts connecting them with the levies, which were the only source of potential injury to appellants. The complaint did not allege malice on the part of Mr. Cohen, or associate him with the levy in any non-supervisory capacity. An affidavit, uncontested by appellants, states that Mr. Lynch did not know that the taxes had been paid when he authorized the issuance of the levies, and this negates any malice on his part.

The only basis upon which appellants might have recovered was that Mr. Cohen and Mr. Lynch should reasonably have known that the taxes were paid prior to issuance of the levies. Thus arises the single question meriting discussion: whether these appellees, as public officials, are immune from appellants' claims for damages predicated upon a theory of negligence.

■ It is well established that public officers are immune from civil suits for money damages for negligent, non-ministerial acts committed by them while acting within the scope of their au-

1. As hereinafter pointed out in the text, this fact was established by an uncontro-verted affidavit filed in connection with appellees' motion for summary judgment.

thority and in discharge of their official duties.[2] That immunity rests upon the important consideration that

> "officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government." [3]

■ Appellants do not allege that Mr. Cohen participated with Mr. Lynch in the issuance of the levies. Thus Mr. Cohen could not have been personally negligent unless somehow he, as Commissioner of Internal Revenue, unreasonably failed in his duty to supervise the operations of that agency. But such failure, if any, in that capacity would certainly have occurred within the scope of his authority and in discharge of his official duties.[4] Mr. Cohen was plainly immune to appellants' suit.

■ Congress has authorized the Secretary of the Treasury or his delegate to levy upon the property of any person liable for any tax where that person neglects or refuses to pay the tax after notice and demand.[5] By a chain of delegation, the Secretary had conferred upon Mr. Lynch the power to levy for income tax deficiencies.[6] Thus Mr. Lynch's action in issuing the levies was within the scope of his authority and in discharge of his official duties although appellants had previously paid their taxes. The determination as to whether the conditions are present for issuing a levy is a function ancillary to the issuance of the levy itself. As Mr. Lynch did not know that the taxes had been paid, whether he should have or not, he made the type of mistake of fact that is insulated by the privilege given to non-ministerial acts.[7]

---

2. *E. g.*, Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 40 L.Ed. 780 (1896); Brownfield v. Landon, 113 U.S.App.D.C. 248, 307 F.2d 389, cert. denied 371 U.S. 924, 83 S.Ct. 291, 9 L.Ed.2d 232 (1962); Fortier v. Hobby, 105 U.S.App.D.C. 6, 262 F.2d 924 (1959); Cooper v. O'Connor, 69 App.D.C. 100, 103, 99 F.2d 135, 138, 118 A.L.R. 1440, cert. denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 614 (1938); Gregoire v. Biddle, 177 F.2d 579, 580–581 (2d Cir. 1949), cert. denied 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); Bershad v. Wood, 290 F.2d 714, 716–719 (9th Cir. 1961). These cases generally do not qualify the immunity upon the absence of a proven claim of malice on the part of the official because "it is impossible to know whether the claim is well founded until the case has been tried, * * * [and] to submit all officials * * * to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties." Gregoire v. Biddle, *supra*, 177 F.2d at 581. This across-the-board extension of the immunity to those "guilty of using [their] powers to vent [their] spleen upon others," *id.*, has been criticised. Jaffee, Suits Against Govern-

ments and Officers: Damage Actions, 77 Harv.L.Rev. 209, 224–225 (1963). See also *id.* at 218–224; James, Tort Liability of Governmental Units and Officers, 22 U.Chi.L.Rev. 619, 647 (1955).

Appellants rely upon some older cases that did not accord officials immunity and that thus are in conflict with the doctrine of the line of cases cited above. Little v. Barreme, 6 U.S. (2 Cranch) 170, 2 L.Ed. 243 (1802); Bates v. Clark, 95 U.S. 204, 24 L.Ed. 471 (1877); Hendricks v. Gonzalez, 67 F. 351 (2d Cir. 1895). We can only conclude that the law in this area has changed. Bershad v. Wood, *supra*, 290 F.2d at 719.

3. Barr v. Matteo, 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434 (1959).

4. See 26 U.S.C. § 7802.

5. 26 U.S.C. § 6331(a).

6. Treas.Reg. § 301.6331–1(a) (1) gave the District Directors of Internal Revenue authority to issue levies. Here the District Director, according to his uncontested affidavit, delegated this authority to Mr. Lynch.

7. Cooper v. O'Connor, *supra* note 2, 69 App.D.C. at 103, 99 F.2d at 138; Bershad v. Wood, *supra* note 2, 290 F.2d at 717.

██ There remains the question whether the decision to issue levies was a non-ministerial function. The purpose of the privilege under consideration is to free officials, in exercising their discretion, from the worry that a mistake may result in a lawsuit.[8] The test of whether a challenged action is ministerial or non-ministerial is not the office *per se* or its height, but whether the function itself was of such discretionary nature that the threat of litigation would impede the official to whom it was assigned.[9] Thus, while the actions of a low-ranking administrative official are more likely to be ministerial,[10] the privilege has been extended to administrative as well as judicial officials and to personnel whose position is low as well as to those whose rank is high.[11]

██ In a similar case in the Ninth Circuit,[12] an official equivalent in rank to Mr. Lynch issued a levy in the mistaken belief that a bank account in the name of a wife was in fact the property of her tax-delinquent husband. The court held that the official was immune from civil suit, and we are in complete agreement. A determination as to when levies can and should issue is highly judgmental, and those having the responsibility to decide such questions must be divorced from the apprehension of possible civil liability arising from such a decision, if "the fearless, vigorous, and effective administration of policies of government"[13] is to be preserved. As chief of the Washington area office collection force, Mr. Lynch's duties included decisions of just that character. We hold that Mr. Lynch was acting in a nonministerial capacity when he de-

cided that it was appropriate to resort to levies to collect the taxes he thought appellants still owed.

Affirmed.

---

8. E. g., Gregoire v. Biddle, *supra* note 2, 177 F.2d at 581.

9. See Barr v. Matteo, *supra* note 3, 360 U.S. at 573, 79 S.Ct. 1335. See also Jaffe, *supra* note 1, at 219.

10. Barr v. Matteo, *supra* note 3, 360 U.S. at 573, 79 S.Ct. 1335.

11. Barr v. Matteo, *supra* note 3, 360 U.S. at 570, 572, 79 S.Ct. 1335; Spalding v. Vilas, *supra* note 2, 161 U.S. at 498,

16 S.Ct. 631. See cases collected in James, *supra* note 2, at 641 n. 196. Thus, even if appellee Cohen had been involved in the levies, it would have been in consequence of his general supervisory role as chief officer of the Internal Revenue Service, and as such in a clearly nonministerial activity.

12. Bershad v. Wood, *supra* note 2.

13. Barr v. Matteo, *supra* note 3, 360 U.S. at 571, 79 S.Ct. at 1339.