**Beverly J. YOUNGSTROM, individually and as administratrix of the Estate of Danny Cox, Deceased, Appellant,**

v.

**Kenneth D. DUNN, Appellee.**

**No. 20694.**

United States Court of Appeals, Eighth Circuit.

Sept. 1, 1971.

See publication Words and Phrases for other judicial constructions and definitions.

———◆———

Walter A. Newport, Jr., Davenport, Iowa, for appellant; Newport, Newport & Wine, Davenport, Iowa, of counsel.

Allen L. Donielson, U. S. Atty., and Claude H. Freeman, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before JOHNSEN and ROSS, Circuit Judges, and HARPER, District Judge.

PER CURIAM.

The suit is one for damages from the destruction of appellant's home by fire and the death in connection therewith of her minor son. The fire originated in or near its gas furnace. The house had been completed about two months before. The financing of its construction was by a Farmers Home Administration loan.

Liability on the basis of negligence was asserted jointly and severally against the general contractor, the maker of the prefabricated sections of the structure, the gas-furnace manufacturer, the installer of the furnace, the public utility gas-supplier, the Farmers Home Administration, and the FHA County Supervisor, who was the head of its local office.

Only the claim against the County Supervisor is here involved. It was made the subject of a summary dismissal by the court on the ground of official immunity. The judgment was granted on motion filed in the Supervisor's behalf by the Department of Justice, which had assumed the representation of him as a government officer. The disposition has by subsequent order been given a separable finality under the provisions of Rule 54(b), Fed.R.Civ.P., so as to entitle it to present review. We affirm the judgment.

The County Supervisor had made the loan and, in the language of the complaint, "was charged by * * * FHA with the responsibility for determining whether or not FHA's standard had been met in building plaintiff's home, and with approving or disapproving the said home", in the releasing by him of the loan funds to the general contractor. In substance, the complaint charged that the Supervisor had been negligent in the determination and approval which he had thus made; that there were defects and deficiencies in materials and workmanship which he ought not to have ap-

proved as meeting FHA standards and which he should have required the contractor to correct; and that this faulty performance of duty by him, acting "as the duly authorized agent of \* \* \* FHA, and within the scope of his employment", had been a proximate factor in occasioning the loss and damage to appellant.

The Supervisor's power and authority to decide whether the materials, the construction work, and the completed structure sufficiently met FHA standards to entitle them to approval and acceptance necessarily involved the exercising of evaluative judgment by him. The FHA standards were merely general. They were not, and within the realities of the construction field could not have been made to be, of such minuteness and preciseness as would cause the Supervisor's responsibility to constitute merely a mechanical check-off task. Thus, the evaluation and approval which the Supervisor was required to make clearly represented what historically has been termed a discretionary function and not a ministerial one. And in the performance of this discretionary function, the Supervisor would legally have the status of a public officer, carrying with it the traditional cloak of official immunity.

It is well-established law that "As a general rule, public officers performing acts as to which they are empowered to exercise discretion or judgment are not personally liable for resulting injuries when acting within the scope of their authority". 67 C.J.S. Officers § 127(a), p. 420. See also Gross v. Sederstrom, 429 F.2d 96 (8 Cir. 1970); David v. Cohen, 132 U.S.App.D.C. 333, 407 F.2d 1268 (1969); Sulger v. Pochyla, 397 F.2d 173 (9 Cir. 1968); Holmes v. Eddy, 341 F.2d 477 (4 Cir. 1965). The charges made in the complaint entitled the Supervisor as a matter of law to the application of such official immunity.

Affirmed.