**Roberto Flores AGUILAR**

v.

**UNITED STATES of America.**

**Civ. A. No. 72–L–75.**

United States District Court,
S. D. Texas,
Laredo Division.

April 18, 1973.

Francis P. Maher, Laredo, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., S.D.Tex., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

This suit seeks a mandatory injunction requiring the United States and its agents to withdraw an assessment of income tax against the Plaintiff and to lift the levy heretofore made upon funds held in the Registry of the 49th District Court of the State of Texas. Defendant has filed a motion to dismiss for lack of jurisdiction. After reviewing the briefs, the Court is of the opinion that the motion should be granted.

Title 26 of United States Code, Section 7421(a), provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. There are certain exceptions to that statutory provision, which are petitions to the Tax Court for a redetermination of a deficiency [26 U.S.C., §§ 6212(a) and (c), 6213(a)] and civil actions in the district courts under 26 U.S.C., § 7426(a) and (b)(1).

█ Plaintiff seeks to base jurisdiction on 26 U.S.C., § 7426(b)(1). That subsection authorizes courts to issue injunctions to prohibit the enforcement of tax levys in certain circumstances. However, § 7426(b)(1) is not a grant of jurisdiction but only sets out the type of relief a court can grant if that court has jurisdiction under 26 U.S.C., § 7426(a). So, before considering the type of relief available under § 7426(b)(1), this Court must first determine if it has jurisdiction under § 7426(a). Section 7426 (a)(1) provides that in the case of a claim of a wrongful levy—which is what the Plaintiff's claim is—a civil action against the United States may be brought in a district court *by any person other than the person against whom the tax was assessed which resulted in the levy*. There is no dispute that in this instance the tax was assessed against this Plaintiff. Therefore, this Plaintiff cannot bring his suit pursuant to § 7426.

Plaintiff also contends that § 7421(a) is not applicable in this instance by reason of the Supreme Court's opinion in Miller v. Standard Nut Margarine, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). That case involved a section of the Internal Revenue Code of 1939 which forbade suits to restrain the assessment or collection of a tax. That section of the law was similar to the present § 7421(a). The oleomargarine tax imposed an excise tax on butter substitutes made from animal fats. Standard Nut's product was made solely from vegetable oils. Over a period of several years, three district court decisions held that the oleomargarine tax was not applicable to products such as Standard Nut's. Before commencing production, Standard Nut obtained a letter from the Commissioner that its product would not be subject to the tax. Thereafter, the Commissioner threatened to collect the tax from Standard Nut. Standard Nut brought suit for an injunction. Injunctive relief was granted by the district court and affirmed by the Court of Appeals. On certiorari before the Supreme Court, the Commissioner sought reversal on the sole ground that suits to enjoin collection of a tax were prohibited. The Supreme Court said that the injunction suit prohibition did not apply in cases where the tax was invalid and there existed special and extraordinary circumstances sufficient to bring the case within equity jurisdiction. The Court found special circumstances sufficient to invoke equity existing in that Standard Nut had not commenced business until after three court decisions that its product was not subject to the excise tax and after receiving a letter from the Commissioner that the tax would not apply to its product, the Commissioner was not subjecting similar products produced and sold by other persons to the tax, and that if required to pay the tax, Standard Nut would face financial disaster.

█ In Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961), the Supreme Court further discussed the *Standard Nut Margarine* case, and said that an injunction suit may not be entertained merely because collection would cause an irreparable fi-

nancial injury. However, if it is clear that under no circumstances could the government ultimately prevail, then § 7421(a)'s prohibition of injunction suit does not apply and under *Standard Nut Margarine* the attempted collection may be enjoined if equity jurisdiction otherwise exists.

Thus, it is apparent that the Plaintiff here must satisfy two requirements. First, the Plaintiff must show that "under the most liberal view of the law and the facts, the United States cannot establish its claim." *Williams Packing Company,* supra. Second, equity jurisdiction must otherwise exist, including a showing that Plaintiff has no adequate remedy at law. If the Plaintiff cannot satisfy each of these requirements, the injunction suit must be dismissed.

 As to the first requirement, the Court takes note of the fact that, for purposes of a motion to dismiss, material allegations of a complaint are to be taken as admitted and the complaint is to be liberally construed in favor of the Plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Allied Oil Workers Union v. Ethyl Corp., 341 F.2d 47 (5th Cir. 1965). Plaintiff's complaint alleges that he is a citizen of the Republic of Mexico, he is not a citizen of the United States, he has never immigrated to the United States, he does not operate his business in the United States, he does not work in the United States, he has never worked in the United States, he has never earned any money in the United States, and that the $11,270.00 in the registry of the state court was not earned or otherwise acquired in the United States. Taking these allegations as true, it appears that Plaintiff is a nonresident alien. Under Section 872 of the Internal Revenue Code of 1954, a nonresident alien's gross income, on which an income tax could be assessed, includes only income derived from sources within the United States and income effectively connected with the conduct of a trade or business within the United States. It appears that, taking Plaintiff's allegations as

true, under no circumstances could the government prevail. So, the first requirement set out above seems satisfied.

However, it appears that the Plaintiff has failed to satisfy the second requirement because he has an adequate remedy at law in the form of a Tax Court petition or a refund suit in a United States District Court. Of course, the latter would require Plaintiff first paying the full amount of the assessment before suing for the refund, but this does not negate the existence of an adequate remedy at law. Financial hardship is not sufficient to require the issuance of an injunction. Enochs v. Williams Packing Co., supra. Plaintiff has alleged no other bases for the invoking of equity jurisdiction.

The Plaintiff contends in his brief that it is not necessary that he satisfy both of the above requirements; rather, that he need satisfy only the first. That position is not well taken. In Bowen v. United States, 331 F.2d 149 (5th Cir. 1964), the Court said dismissal of the suit is proper if Plaintiff fails to satisfy both of the requirements.

For these reasons, Defendant's motion to dismiss should be, and hereby is, granted.