**Eric NICKERSON, Plaintiff,**

v.

**William R. GILBERT et al.,
Defendants.**

**Civ. A. No. 74–173.**

United States District Court,
D. Rhode Island.

April 25, 1975.

---

Raymond A. LaFazia, Providence, R. I., for plaintiff.

Lincoln C. Almond, U. S. Atty., Providence, R. I., Richard R. Mitchell, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## OPINION

DAY, District Judge.

In this action the plaintiff seeks to recover compensatory and punitive damages from the defendants, two of whom are revenue officers who made an alleged wrongful seizure of certain property belonging to the plaintiff on June 4, 1974, and their immediate superior.

In his complaint the plaintiff alleges that on January 23, 1974, the United States Government filed a federal tax lien for unpaid income taxes on all the real and personal property of Warren Nickerson, his son, that was located in Little Compton, Rhode Island; that he and his said son were then joint owners of a garage and service station in said Little Compton. He further alleges that thereafter, on June 5, 1974, the United States Government, acting through the named defendants, wrongfully levied upon said garage and the equipment and tools therein to secure the payment of his son's delinquent taxes.[1] He alleges that as a result of said unlawful levy and the injuries resulting directly therefrom he is entitled to an award of $5,000 as compensatory damages and an award of $100,000 as punitive damages.[2]

This matter is now before this Court upon the dual motions of the defendants for the dismissal of this action and for the entry of summary judgment in their favor.

Said motion to dismiss is based upon the following grounds:

1. This action is barred by the doctrine of sovereign immunity.

---

1. The plaintiff's allegation as to the wrongful character of said levy must, for the purpose of the defendants' motion, be accepted as factually correct. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Aguilar v. United States, 359 F. Supp. 269 (S.D.Tex.1972).

2. The plaintiff's complaint contains four (4) separate counts. They charge (1) the defendants wrongfully forced the plaintiff to leave his property, (2) the defendants' conduct constituted an unlawful seizure of the plaintiff's real estate in violation of Article I, Section 6 of the Constitution of the State of Rhode Island, (3) the contents of the posted notice of the levy was malicious, defamatory and false, (4) the plaintiff was wrongfully deprived of the use and possession of his personal property by the defendants.

2. The plaintiff's complaint fails to state a claim upon which relief can be granted.

3. The plaintiff's rights are adequately protected by federal statutes.

The defendants' motion for summary judgment is likewise based upon the first two grounds alleged in support of their motion to dismiss and upon the additional ground that this action is barred by the provisions of Section 7426(a) of the Internal Revenue Code of 1954.

In response to said motions, the plaintiff has filed a memorandum which contains extensive citation to the opinion of the Supreme Court in Bivens v. Six Unknown Named Agents of The Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff contends that the actual conclusions in Biven and the policy considerations discussed by the Supreme Court and by the Court of Appeals upon remand in Biven v. Six Unknown Named Agents of The Federal Bureau of Narcotics, 456 F.2d 1339 (2d Cir. 1972) mandate the elimination of the "official immunity" defense for federal officers charged with violations of the Fourth Amendment to the Constitution of the United States.

## THE DEFENDANTS' MOTION TO DISMISS

In Bivens v. Six Unknown Named Agents of The Federal Bureau of Narcotics, *supra,* the Supreme Court held that a claim for money damages allegedly caused by official conduct violative of the Fourth Amendment presents a justiciable controversy under the provisions of 28 U.S.C. § 1331. The Supreme Court reserved, however, any decision as to whether or not the federal officers involved therein were entitled to immunity from suit. The Supreme Court's opinion concerned itself only with the question of justiciability and remanded said case to the Court of Appeals for the Second

Circuit for further consideration. Upon remand, the Court of Appeals in its opinion, 456 F.2d 1339 (2d Cir. 1972) stated at page 1341:

" . . . it is a principle of federal law that Agents of the Federal Bureau of Narcotics, and other federal police officers such as Agents of the F.B.I. performing similar functions, while in the act of pursuing alleged violators of the narcotics laws or other criminal statutes, have no immunity to protect them from damage suits charging violations of constitutional rights . . . "

The holding of the Court of Appeals for the Second Circuit is, however, not as broad as it might appear to be. Said Court of Appeals noted, in fact, that the defendants were not entitled to immunity from suit, despite the fact that their acts were performed within the scope of their authority, because:

1. The defendants' conduct did not constitute a discretionary exercise of judgment; and

2. The defendants' conduct was of such a nature that if the defendants were state, as opposed to federal, officers they could be liable pursuant to the provisions of 42 U.S.C. § 1983.

With this analysis in mind, it becomes this Court's duty to determine whether on the facts of the present case the defendants are entitled to immunity from suit.

The Supreme Court in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), set forth the standard to be applied by courts in determining whether or not a federal officer has acted within the general scope of his official duties. In its opinion it held at page 575, 79 S.Ct. at page 1341:

"The fact that the action here taken was *within the outer perimeter of petitioner's line of duty* is enough to render the privilege applicable . . . " (emphasis added).

In Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. den'd 384 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965), the Court of Appeals held at pages 858–859:

"The requirements that the act be within the outer perimeter of the line of duty is no doubt another way of stating that the act must have more or less connection with the general matters committed by law to the officer's control or supervision, and not be manifestly or palpably beyond his authority."

The great majority of the decisions of federal courts are in conformity with this interpretation. *See* Sowders v. Damron, 457 F.2d 1182 (10th Cir. 1972); David v. Cohen, 132 U.S.App.D. C. 333, 407 F.2d 1268 (1969); Bershad v. Wood, 290 F.2d 714 (9th Cir. 1961); Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949), cert. den'd 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); Bice v. Campbell, 231 F.Supp. 948 (M.D.Tex. 1965); Powell v. Rothensies, 86 F.Supp. 701 (M.D.Pa.1949), affirmed 183 F.2d 774 (3rd Cir. 1950).

██ In the instant case the levy involved was clearly executed by the defendants in their official capacity as officers of the Internal Revenue Service. *See* 26 U.S.C. § 6331 et seq.; cf. Mertens, Law of Federal Income Taxation, Vol. 9, Section 49.203 at p. 363; United States v. Lester, 235 F.Supp. 115 (S.D. N.Y.1964); Edwards v. United States, 215 F.Supp. 382 (D.Kan.1963); Investment & Securities Co. v. Robbins, 49 F. Supp. 620 (E.D.Wash.1943); affirmed 140 F.2d 894 (9th Cir. 1944). The defendants were apparently protecting the best interests of the federal government in their effort to secure the delinquent taxes owed by said Warren Nickerson. Indeed, it is obvious that the execution of said levy was directly related to the general matters conferred by law on the defendants and was not palpably beyond their authority. Clearly, it was within the outer perimeter of their authority.

*See* Sowders v. Damron, *supra*; David v. Cohen, *supra*; Bershad v. Wood, *supra*.

It is clear beyond doubt that the decision of a federal revenue officer to execute a levy upon the property of a delinquent taxpayer is the result of a discretionary exercise of judgment. *See* Sowders v. Damron, *supra*; David v. Cohen, *supra*; Bershad v. Wood, *supra*; Bice v. Campbell, *supra*; Powell v. Rothersies, *supra*. In accord with this generally accepted judicial precept, the Court of Appeals in David v. Cohen, *supra*, held 407 F.2d at page 1272:

"A determination as to when levies can and should issue is highly judgmental, and those having the responsibility to decide such questions must be divorced from the apprehension of possible civil liability arising from such a decision, if 'the fearless, vigorous, and effective administration of policies of government' is to be preserved . . . ."

Notwithstanding this Court's acceptance of this well settled judicial principle, it must be noted that the execution of a levy, as opposed to the decision to impose such a levy, involves ministerial, non-discretionary conduct. Cf. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); rehearing denied 347 U.S. 924, 74 S.Ct. 511, 98 L. Ed. 1078 (1954); Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955). To the extent that the plaintiff may be able to establish that the defendants' conduct in executing said levy was unjustifiably tortious and/or violative of the plaintiff's Fourth Amendment rights, the defendants are not entitled to an absolute immunity from suit.

The defendants' contention that they are entitled to a "qualified" immunity from suit because they acted in good faith and with a reasonable belief in the propriety of their conduct must be rejected. The plaintiff vigorously denies

that the defendants' actions were taken in good faith or accompanied by a reasonable belief in their propriety. Clearly there are factual issues presented here. In view of the existence of these issues, the plaintiff's allegations must be accepted as factually accurate. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Aguilar v. United States, 359 F.Supp. 269 (S.D. Tex.1973).

Since it is clear that the defendants are not immune from suit, discussion of the third Bivens requirement, that is, that the defendants would be entitled to immunity from suit only if their actions were such that if they were State revenue agents, they would not be liable under the provisions of 42 U.S.C. § 1983 becomes unnecessary.

Where, as here, a motion for dismissal is filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be borne in mind that—

> "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim . . . " 2 Moore's Federal Practice, § 12.08 at pp. 2271 and 2274.

Notwithstanding the fact that the defendants may have properly seized said jointly held realty insofar as the plaintiff had an interest therein, it cannot be said that the entirety of plaintiff's claim must fail under any and all circumstances. *See* Mertens, Law of Federal Income Taxation, Vol. 9, Section 49.-203 at page 363: Edwards v. United States, supra. It is possible that specific facts established during the trial of this action may sustain the plaintiff's allegations.

█ The contention made by the defendants that the plaintiff's rights are otherwise adequately protected by the provisions of 26 U.S.C. § 7426 relating to suits against the United States is, in my opinion, without merit. Here the plaintiff is seeking damages for a past levy, not an injunction to remove an existing levy. Since said levy had been released prior to the institution of this action, the plaintiff could not maintain an action against the United States under 26 U.S.C. § 7426(a). Nickerson v. United States, 513 F.2d 31 (1st Cir. 1975); American Pacific Investment Corp., 342 F.Supp. 797, 799 (D.N.J.1972); Freeman v. Mayer, 152 F.Supp. 383 (D.N.J. 1957).

If this Court were to hold that upon the facts before it this action should be dismissed, persons such as the plaintiff, with colorable allegations of violations of their constitutional rights would be left without any possible remedy for relief.

Accordingly, the defendants' motion to dismiss this action must be and is denied.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Since this Court has concluded that:

(1) Section 7426 is inapplicable to the cause of action alleged in the plaintiff's complaint; and

(2) the defendants are not immune from suit; and

(3) the plaintiff has stated a claim which if established by the required degree of proof would entitle the plaintiff to relief

the instant motion for summary judgment must be denied.

█ Additionally, it must be noted that there is in this case a genuine issue of material fact which precludes the grant of the defendants' motion for summary judgment insofar as said motion is based upon the defendants' "qualified" immunity from suit.

Said genuine issue of material fact is:

1. Were the defendants acting in good faith and with a reasonable belief in the propriety of their

conduct when they executed the levy involved in this action?

Accordingly, the defendants' motion for summary judgment in their favor must also be and it is denied.

Counsel for the plaintiff will prepare and present for entry an order in conformity with the conclusions hereinbefore set forth.