**Claire GORST, Plaintiff,**

v.

**Kenneth FERGUSON, Defendant.**

**No. CIV–76–0803–D.**

United States District Court, W. D. Oklahoma.

Feb. 24, 1977.

Claire Gorst, pro se.

David L. Russell, U.S. Atty. by Richard F. Campbell, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

### ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

Plaintiff sues Defendant for alleged libel. The suit was brought in State Court and removed to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1). A Motion to Remand by Plaintiff has been overruled by the Court. Defendant by Motion now seeks summary judgment. The Motion is supported by a Brief and affidavits. The Plaintiff has responded in opposition to said Motion with Brief, an affidavit and several documents including the communication alleged to have libeled Plaintiff. This is Attachment V to Plaintiff's Answer (Response) to Defendant's Motion For Summary Judgment.

Plaintiff was formerly employed by the Soil Conservation Service, United States

Department of Agriculture. Defendant, the District Conservationist of the Poteau, Oklahoma, field office, was his supervisor. Plaintiff was terminated by Defendant. Plaintiff complained of such termination, claiming same was discriminatorily based on his age, appealed an adverse administrative ruling, requested in connection with such appeal the inspection of certain department records regarding his employment and alleges in this libel action that in a letter communication from Defendant under date of April 19, 1976 to George Robertson, Chief, Employees Relations Branch, Soil Conservation Service, 14th and Independence S.W., 6216–S, Washington, D.C., 20250, he was libeled by an accusation therein that he illegally entered a Government office and illegally altered official Government documents found in that office. See Attachment V to Plaintiff's Answer (Response) to Defendant's Motion For Summary Judgment.

■ In the Motion under consideration Defendant correctly asserts that libel is a tort and is excepted from the waiver of Governmental immunity to suit provided by the Federal Tort Claims Act. See 28 U.S.C. § 2671, et seq. and 28 U.S.C. § 2680 for said exception. Hence, the United States has not consented to be sued and may not be sued for the alleged tort of libel involved herein even though committed by an employee of the Government acting within the scope of his employment.

Plaintiff has sued the Defendant for the alleged libel as an individual generally claiming that Defendant committed the alleged libel beyond and outside his authority as such District Conservationist and is individually liable therefor, citing *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) and related authorities.

■ It is Defendant's position in the Motion under consideration that the communication containing the alleged libel was made by him in the line of duty and responsibility as such District Conservationist in connection with an internal administrative matter and procedure initiated by Plaintiff and therefore Defendant has an absolute privilege, citing *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) and authorities which follow such landmark case.

It does not appear that any genuine issues of material facts are present. The alleged written libelous communication under date of April 19, 1976 is before the Court.[1] The relationship and official positions, duties and responsibilities of the parties involved with relation to this communication do not appear to be in dispute.

1. This communication reads:

"UNITED STATES DEPARTMENT OF AGRICULTURE
SOIL CONSERVATION SERVICE – FIELD OFFICE
P. O. Box 459                   April 19, 1976
Poteau, Oklahoma  74953

SUBJECT: EEO – Claire Gorst

George Robertson, Chief,
Employees Relations Branch
Soil Conservation Service
14th & Independence S. W.
6216–S
Washington, D. C.  20250

"Enclosed are copies of staff meetings held in Poteau Field Office during Clair Gorst's employment. There are some items checked in red pencil you may be interested in. These are being sent to you as agreed by Mr. Roger Simpson of your office.

"As requested by phone we are mailing the diaries of Claire Gorst, Kenneth Ferguson, Edward Abernathy, Clifford Frick, Fines Sturgeon and Andrew Costner, to the Chickasha, Oklahoma Field Office. The period covered is June 10, 1974 to May 24, 1975.

"Diary sheets on Kenneth Ferguson for the period March 8, 1975 to March 14, 1975 are missing from the files. March 6, 1975 was the date I discussed recommendation for separation with Claire Gorst in the presence of Ed Abernathy.

"The door lock to this office was changed last week as I have suspected for sometime that someone has been pilfering my files.

"Claire Gorst's diary for March 6, 1975 shows he has erased an entry and put in a new entry.

"As requested we are also mailing to the Chickasha, Oklahoma Field Office the records of staff meetings and phone calls while Claire Gorst was stationed at Poteau Field Office.

"Please ask Chickasha Field Office personnel not to leave Claire Gorst unattended during the time he is examining this material to be sure none of this material is changed, altered or removed.

"Please request this material be returned to the Poteau Field Office before April 30, 1975 [sic].

[signed]

"Kenneth J. Ferguson
District Conservationist

"cc: John C. Beard, AC, SCS, Hugo, Oklahoma
     Lenore Young, SO, SCS, Stillwater
     Chickasha Field Office, Chickasha, Oklahoma"

There remains the question of whether Defendant had an absolute privilege in writing and forwarding the communication to Mr. Robertson on April 19, 1976. This would appear to be a question of law as there are no genuine fact issues as aforesaid. If Defendant had such absolute privilege he would be entitled to summary judgment herein as a matter of law.

Under the landmark case of *Barr v. Matteo, supra*, it appears that the said communication to Mr. Robertson was absolutely privileged and Defendant as author thereof is immune from liability to Plaintiff in tort for libel. It is clear beyond any dispute that the written communication asserted to have libeled Plaintiff was issued by Defendant officially in line of duty regarding an administrative proceeding initiated by Plaintiff. In *Barr v. Matteo, supra* a Federal Government official issued a press release in which he gave reasons why he intends to suspend other officers of his agency. These officers brought a libel suit against the Government official issuing the press release. The United States Supreme Court found the press release to be absolutely privileged, The Court said:

"The fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint, for as this Court has said of legislative privilege:

'The claim of an unworthy purpose does not destroy the privilege. Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good.' "

Following *Barr v. Matteo, supra*, our Circuit in *Preble v. Johnson*, 275 F.2d 275 (Tenth Cir. 1960) affirmed a summary judgment entered in a libel action brought by a Government employee against other Government employees regarding alleged libelous statements made in the course of a grievance proceeding and related investigations of Plaintiff's performance of his duties. In this case the Court said:

"Each of the accused statements, made in the course of the grievance proceeding and related investigations, described in detail various incidents arising from on-the-job contacts and dealings with Preble, and reflected upon his fitness and efficiency in the discharge of his official duties. * * *

"The trial court denied relief in each case because of an absolute privilege, based on identical findings that each allegedly libelous statement was in fact made ' * * * in the course of and within the scope of his (each defendant's) official duties.' Appellant's first contention is that as a matter of law, the statements were not made in scope of duty so as to give rise to an absolute privilege, and furthermore, the grievance proceeding being procedurally defective, persons participating in it were not thereby protected as in line of duty.

"Federal law determines these issues because the privilege involved is that of federal officers or employees 'acting in the course of their duties.' *Howard v. Lyons*, 360 U.S. 593, 597, 79 S.Ct. 1331, 1333, 3 L.Ed.2d 1454. And it seems fairly plain that the federal law now is that statements are absolutely privileged if made ' * * * within the outer perimeter of * * * line of duty * * *.' *Barr v. Matteo*, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434; and see also Mr. Justice Black's concurring opinion, 360 U.S. 576, 79 S.Ct. 1342. In gauging privilege within this perimeter, the Supreme Court expressly rejected a rigid scope of duty, as literally prescribed by rule or regulation, in favor of a more generalized concept of line of duty. *Barr v. Matteo*, supra, 360 U.S. at pages 574–575, 577–578, 79 S.Ct. at pages 1341, 1342–1343 (Black concurring). Thus, statements which are neither strictly authorized by nor in furtherance of, some rule or regulation may nevertheless be in line of official duty, hence privileged, if they are deemed appropriate to the exercise of the utterer's office or station.

\*     \*     \*     \*     \*     \*

"But in our cases, we are not called upon to probe the outer limits of this nebulous perimeter so recently and authoritatively drawn for us. Surely these federal servants had a clear duty to report to proper authorities causes of disruption in the services they perform, or affecting such services, at the peril of being indifferent if not derelict in their responsibilities."

Also see *Chavez v. Kelly*, 364 F.2d 113 (Tenth Cir. 1966), affirming summary judgment,[2] *Ruderer v. Meyer*, 413 F.2d 175 (Eighth Cir. 1969), dismissals affirmed, *David v. Cohen*, 132 U.S.App.D.C. 333, 407 F.2d 1268 (1969), summary judgment for Defendant affirmed, *Chafin v. Pratt*, 358 F.2d 349 (Fifth Cir. 1966), summary judgment for Defendants affirmed.[3]

Accordingly, Defendant is entitled to summary judgment herein dismissing the action contained in Plaintiff's Complaint and it is so ordered this 24 day of February, 1977.

2. This case held:

"Mere allegations or statements to the effect that the allegedly slanderous statements were made outside the perimeter of the federal officer's duties do not make them so. Whether the statements made were within the officer's course of duty is a question of law which we decide on the uncontroverted facts, i. e. see *Preble v. Johnson, supra.*"

3. This case held:

"When we apply *Barr* to the facts of this case, as interpreted most favorably to appellant, it is clear that immunity applies. The Defendants' actions were clearly within the outer perimeter of their line of duty. Their affidavits and exhibits attached thereto specifically enumerate the administrative regulations and statutory provisions which they followed in taking these actions respecting appellant. See note 6, supra. Their alleged defamatory statements are contained in reports made on official printed forms, in written notices required by the regulations to be given to appellant, and in affidavit evidence submitted by Defendants for use in appellant's administrative appeals (see 5 CFR § 772.304(b)). Furthermore, Defendants' actions involving the employment tenure, and discipline of a federal employee are of a nature which most obviously should be committed to their discretion without fear of vexatious suits for personal liability. * * * Thus, this case fits within both the letter and the spirit of the *Barr* immunity rule.

"Appellant nevertheless contends vigorously that she was entitled to take her case to the jury, that the District Court erred in granting Defendants' motion for summary judgment. Apparently she assumes that the filing of counter affidavits makes it a jury case. But this is not enough, for as the District Court correctly observed, 'The affidavits of the plaintiff, her husband, and a business acquaintance, submitted by the plaintiff in opposition to the Defendants' motion, do not dispute this fact [that Defendants were performing official duties], nor do they appear to have been submitted for that purpose.' Thus, Defendants were entitled to summary judgment on the force of their affidavits."